UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Chapter 15

                                                          Case No. _____

TRANSBRASIL S.A. LINHAS AÉREAS,

        Debtor in a Foreign Proceeding

_____/

### VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN
### PROCEEDING PURSUANT TO §§ 1515 AND 1517

        Gustavo Henrique Sauer de Arruda Pinto, acting as Co-Judicial Administrator (the "Judicial Administrator or "Trustee"[1]) for the Bankruptcy Estate of Transbrasil S.A. Linhas Aéreas ("Transbrasil") within the meaning of 11 USC § 1502(6), through his attorneys, Astigarraga Davis Mullins & Grossman, PA, respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the 19th Civil Court of São Paulo, Brazil ("Brazilian Court"), and as more fully described herein, granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code and any additional relief that may be available under Chapter 15 of the Bankruptcy Code.

### PRELIMINARY STATEMENT

        1.      The Trustee has commenced this case pursuant to 11 USC § 1504 seeking recognition of a proceeding ("Transbrasil Proceeding") pending in the Brazilian Court as a Foreign Main Proceeding, as defined in 11 USC § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521.

        2.      The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Exhibit "A."**

        3.      As required by § 1515 of the Bankruptcy Code, this Petition is accompanied by a certified and translated copy of orders from the Transbrasil Proceeding showing the existence of

---

[1] In Brazil, a "Judicial Administrator/Trustee" has substantially the same function and responsibilities as a trustee of a bankrupt estate in the United States – to marshal assets for the estate; summarily adjudicate claims of creditors; commence and maintain litigation to recover assets; and to make distributions to proven creditors of the liquidated proceeds of the estate's assets. In this case, Dr. Sauer is acting jointly with Dr. Alfredo Luiz Kugelmas as Co-Judicial Administrator of the subject estate.

an active "foreign proceeding" involving Transbrasil, and reflecting the appointment of the Trustee as a "foreign representative," attached hereto as part of **Composite Exhibit "B."**

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, and 11 USC §§ 109 and 1501.  Venue of this proceeding is proper in this judicial district pursuant to 28 USC § 1410.  This is a core proceeding under 28 USC § 157(b)(2)(p).

## FACTUAL BACKGROUND

### Transbrasil

Before its bankruptcy, Transbrasil was one of the three largest airlines in Brazil during the 1980s and 1990s.  It was incorporated on January 5, 1955, under the name "Sadia S.A. Transportes Aéreos," by Omar Fontana.  Omar was a member of the Fontana family, owners of one of Brazil's largest business conglomerates, including its main company Sadia, a leading producer of frozen food and poultry in Brazil.  While in operation, Transbrasil provided passenger jet air travel service to numerous airports within Brazil and to various international destinations, such as New York, Miami, Orlando, Buenos Aires, Washington, Amsterdam and London.

On or around October 20, 1981, Transbrasil formed a wholly-owned subsidiary, Transbrasil Airlines, Inc. ("TAI"), which was incorporated and based in Florida.  TAI was a major part of Transbrasil's business, as it handled U.S.-based operations and through it the airplane accessories and parts for Transbrasil's planes were acquired.

In 1998, the founder, Omar Fontana, became ill.  As a result, control of Transbrasil was transferred to others.  A few years later, Omar, once one of the wealthiest men in Brazil, died on December 8, 2000, at the age of 73.  Since the transfer of control in 1998, the airline experienced financial difficulties that became increasingly more dire.  By December 2001, the company had run out of cash and credit, it had no fuel with which to fly its airplanes, was several months behind in payment of employees' salaries, and had unpaid bills dating to mid-2000.  Transbrasil continued to operate until it stopped flying and ceased trading activities on December 3, 2001.

As a result of the financial collapse, the companies that had leased aircraft to Transbrasil terminated the leases and took back the leased aircraft, leaving the company with only 3 outdated

2

Boeing 767 planes. Due to the ceasing of its operations, many thousands of customers were left with pre-paid tickets that could not be used. As well, thousands of employees were laid off or stopped receiving salaries, and creditors were left being owed millions of dollars in unpaid debts.

To date, the Trustee has been able to procure only limited information as to what happened to Transbrasil's assets after the collapse. The assets identified to date consist mainly of a few airplanes that have been stripped of parts, some spare parts and some real estate property, some of which has being seized by Brazilian Labor Courts, the combined value of which is some US$8 million. In comparison, the estimated value of Transbrasil's liabilities in excess of US$500 million.

### The Brazilian Bankruptcy Proceeding

On July 12, 2001, General Electric Capital Corporation ("GE") filed an involuntary bankruptcy petition in the Brazilian Court against Transbrasil. The petition was denied, however, but GE filed an appeal with the Ninth Chamber of Private Law of the Court of Appeal of São Paulo, which sided with GE and declared Transbrasil to be in bankruptcy as of April 16, 2002. (A certified and translated copy of that decision is attached hereto as part of Composite Exhibit "B".) In that same order declaring the bankruptcy of Transbrasil, Dr. Alfredo Luiz Kugelmas was appointed as trustee of the Transbrasil estate (the "Original Trustee"). Id. Dr. Kugelmas presently retains that position.

Transbrasil thereafter filed various appeals, which had the effect of temporarily delaying the effect of the bankruptcy, but eventually the validity of the bankruptcy was affirmed. Subsequently, on May 15, 2008, the Brazilian Court also appointed Gustavo Henrique Sauer de Arruda Pinto, the Trustee and Petitioner herein, as a Trustee of the Transbrasil estate, along with the Original Trustee, Dr. Kugelmas, as joint trustees. Dr. Sauer's accepted the role on May 26, 2008. (A certified and translated copy of the order appointing Dr. Sauer as a Co-Trustee and his acceptance of same is attached hereto as a part of Composite Exhibit "B").

### The Chapter 15 Petition

5.      The Transbrasil Proceeding remains pending in Brazil and the Trustee is, in conjunction with Dr. Kugelmas, overseeing efforts to identify, locate, and capture assets belonging to the estate. As noted, today the estate of Transbrasil has thousands of creditors and

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

liabilities in excess of US$500 million, an amount much greater than the value of the known remaining assets.

6.      The Trustee desires to proceed with this Chapter 15 action in order to seek records and other information relating to assets of Transbrasil or its subsidiaries or related companies that are in or were transferred through the United States.  For instance, the Trustee seeks more information relating to two valuable jet engines that were reportedly sent to Delta Airlines in the Unites States for maintenance, but which never have been returned.

<u>**Brazil is the Center of Main Interests**</u>

7.      Brazil is the center of main interests of Transbrasil, as that term is used in 11 U.S.C. § 1502(4), 1516(c) and 1517(b)(1).  Among other things, Transbrasil's headquarters were in São Paulo, Brazil; most of its employees and assets were located in Brazil; most of its flights operated in Brazil; its bankruptcy occurred in Brazil; and the airline was universally recognized as being a Brazilian airline.

<u>**RECOGNITION IS APPROPRIATE**</u>

8.      The Trustee has satisfied each of the requirements for recognition of the Transbrasil Proceeding under Chapter 15 of the Bankruptcy Code.  As set forth in the Trustee's Declaration:

(a)      The Trustee qualifies as a "foreign representative" as defined in 11 USC § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the Brazilian Court to act in that capacity.

(b)      The Transbrasil Proceeding is a "foreign main proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Transbrasil's "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Transbrasil's assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy.

4

**RELIEF REQUESTED**

9.     In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code and, if necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

(a)     Recognizing the Transbrasil Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative;

(b)     Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c)     Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i)     staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Transbrasil to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(ii)     staying execution against the assets of Transbrasil to the extent not stayed under § 1520(a);

(iii)     suspending the right to transfer or otherwise dispose of any assets of Transbrasil to the extent this right has not been suspended under § 1520(a);

(iv)     providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Transbrasil, and finding that such information is required in the foreign proceeding under the law of the United States;

5

(v)     entrusting the administration or realization of all or part of the assets of Transbrasil within the territorial jurisdiction of the United States to the Trustee;

(vi)    entrusting the distribution of all or part of assets of Transbrasil located within the United States to the Trustee and finding that the assets of the creditors of Transbrasil are sufficiently protected thereby;

(vii)   otherwise granting comity to and giving full force and effect to the orders of the Brazilian Court, and any other order issued and to be issued, in the Transbrasil Proceeding; and

(viii)  awarding the Trustee such other and further relief as this Court may deem just and proper.

## HEARING AND NOTICE

10.     The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

## CONCLUSION

11.     The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit "C"**, and grant it such other and further relief as may be just and proper.

Dated: April 7, 2011

Respectfully Submitted,
Astigarraga Davis
Mullins & Grossman P.A.
*Attorneys for Trustee/Petitioner*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
        edavis@astidavis.com

6

By: s/ Edward H. Davis, Jr.
   Gregory S. Grossman
   Florida Bar No. 896667
   Edward H. Davis, Jr.
   Florida Bar No. 704539

## VERIFICATION

I, Gustavo Henrique Sauer de Arruda Pinto, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am a court-appointed co-Trustee for Transbrasil, and that, in such capacity, I have the authority to make this verification; that I have read the foregoing Verified Petition For Recognition; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Transbrasil.

Dated this 7th day of April, 2011

_____
Gustavo Henrique Sauer de Arruda Pinto

7

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

TRANSBRASIL S.A.
LINHAS AÉREAS

Chapter 15
Case No. _____

Debtor in a Foreign Proceeding,
_____/

## DECLARATION OF TRUSTEE AND LIST OF ADMINISTRATORS, PARTIES, AND ENTITIES PURSUANT TO 11 U.S.C. §1515 AND BANKRUPTCY RULE 1007(a)(4)

I, GUSTAVO HENRIQUE SAUER DE ARRUDA PINTO, hereby declare as follows:

1.      I am over the age of 18 and, if called upon, could completely testify to all matters set forth in this statement based upon my own personal knowledge except for those portions specified as being otherwise.

2.      I was appointed a Trustee within the meaning of 11 U.S.C. § 1502(6) in the pending bankruptcy proceeding of Transbrasil S.A. Linhas Aéreas ("Transbrasil"), by the 19th Civil Court of São Paulo, Brazil (the "Brazilian Court"), by order dated May 15, 2008,  my acceptance of which being reflected in a verified document filed with the Brazilian court dated May 26, 2008.  By virtue of the authority vested in me by the Brazilian Court, I as the Trustee am authorized to appear in this Court as a foreign representative of the bankruptcy proceeding in Brazil.  True and correct copies of the order appointing me as Trustee and my acceptance of the appointment are attached to the Verified Petition for Recognition of Foreign Proceeding filed in this matter.[1]

3.      I hereby file the following list in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure of the United States.

### Administrators in Foreign Proceedings of the Debtor

4.      The Trustee is not aware of any foreign proceedings, as that term is defined in 11 U.S.C. 101(23), of the Debtor other than this Chapter 15 Petition.  The Trustee is the duly appointed "administrator" in the Brazilian proceeding.

---

[1] As explained in the Verified Petition, I am a co-Trustee of the Estate, along with Dr. Alfredo Luiz Kugelmas, but have the authority to pursue this Chapter 15 action.

**Parties to any U.S. Litigation in which the Debtor is a Party**

5.      The Petitioner is not aware of any other litigation pending in the United States in which Transbrasil is a party.

**Entities Against Whom Provisional Relief Is Being Sought**

6.      Petitioner is not seeking interim relief at this time against any entities under 11 U.S.C. § 1519.

I, Gustavo Henrique Sauer de Arruda Pinto, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am a court-appointed co-Trustee for Transbrasil, and that, in such capacity, I have the authority to make this Statement; that I have read the foregoing Statement; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Transbrasil. Dated this 7th day of April, 2011

_____
Gustavo Henrique Sauer de Arruda Pinto

# COMPOSITE EXHIBIT B

**BRAZILIAN DOCUMENTS SET A: -**

**TRANSLATION (ENGLISH) AND ORIGINAL (IN PORTUGUESE)**

# BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
### Sworn Public Translator of the English Language
### Registered with the Commercial Registry under no. 317
### Registered with the Brazilian Bar Association under OAB/SP no. 32.717

**Translation no. 12.388**
**Date: February 3, 2010**



**Page** 80
**Book: 162**

I, Berenice Rodrigues de S. O. Malta, Sworn Public Translator of the English language, do hereby certify that, to the best of my knowledge and belief, the following is the true translation into English of the Judgment issued by the Superior Court of Justice of the State of São Paulo, a document that was originally written in Portuguese:

**JUDICIARY POWER**
**SUPERIOR COURT OF THE STATE OF São Paulo**

### JUDGMENT

ABRIDGMENT OF LAW: 1. THE JUDICIAL ACT THAT FAILS TO ANALYZE THE OTHER GROUNDS WHEN ONLY ONE GROUND IS SUFFICIENT TO DECIDE THE CASE; 2. AFTER JUDGMENT OF THE MERITS THE APPEAL RETURNS TO THE SUPERIOR COURT ALL ISSUES, EVEN IF NOT ANALYZED IN THE DECISION; 3. IN VIEW OF THE REPORT OF THE FACTS IT IS PERMITTED THE APPLICABILITY OF THE RULE "*MIHI FACTUM DABO TIBI JUS;* 4. THE AIRLINES ARE SUBJECT TO BANKRUPTCY; 5. THE PREMONITORY NOTICE MAY BE WAIVED WHEN BANKRUPTCY IS BASED ON A PROTESTED PROMISSORY NOTE; 6. SHOULD THE DEBTOR HAVE ANY RELEVANT REASON FOR NOT MAKING THE PAYMENT, THE PROPER ACTION TO ALLEGE AND PROVE SUCH REASON IS THE DOCKETS OF THE BANKRUPTCY; 7. IN ORDER TO HAVE A RENEWAL IT IS NECESSARY THE CREATION OF A NEW OBLIGATION THAT REPLACES THE FORMER ONE; 8. WHEN A COMMERCIAL COMPANY FAILS TO PAY A LIQUIDATED AND CERTAIN DEBT AT MATURITY WITHOUT A RELEVANT LEGAL JUSTIFICATION, ITS BANKRUPTCY MAY BE ADJUDGED (Article 1 OF DECREE LAW NO. 7.661/45)

Reviewed, reported and discussed the present CIVIL APPEAL no. 232.140-4/0 of the City of São Paulo, having as parties GENERAL ELECTRIC CAPITAL CORPORATION ("Appellant") and TRANSBRASIL S/A LINHAS AÉREAS ("Appellee");

The Justices of the Ninth Chamber of Private Law of the Superior Court of Justice of the State of São Paulo, by majority of votes, have decided to grant the appeal filed by Claimant and to deny the appeal filed by Defendant.

Rua Cte. Ismael Guilherme, 373 - CEP- 04031-120- São Paulo - Brasil
Tel: (55 11) 5579.0144 (55 11) 5573.2238 – Fax: (55 11) 5575.8287 Mobile: (55 11) 9489.4169
OAB/SP no. 32.717  CPF/MF 034457788-09  INSS 11039021500 ISS 8.541.071-3
e mail: bemalta@uol.com.br

**BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA**
Translation no. 12.388                    Page 81

---

The decision of pages 633 to 645, the report of which is hereby adopted, decided not to grant the bankruptcy petition based on Article 1 of Decree Law no. 7.661/45 (out of due time). The Court so decided in view of the existence of the action for declaration of nullity of the credit instrument (a promissory note arising from lease of the aircrafts), which makes the debt non-liquidated and represents a justifiable cause for non-payment thereof.  The Court rejected the motion for condemnation of Claimant for bad faith litigation.

Claimant filed a request for amendment of judgment, which was denied, so that both parties appealed therefrom.

Claimant alleged that the simultaneousness of the action to annul the credit instrument was not a reason for stay or suspension of this action (as it was, in fact, recognized in the decision) or a reason not to grant the petition for bankruptcy, since the existence of such action does not make the obligation non-liquidated and does not imply relevant legal reason to default payment.   Such relevant matter alleged by Defendant should have been proven in this bankruptcy action.  Claimant invoked the law, doctrine and our case decisions. It refused the preliminary allegations of the defense (legal impossibility of the claim; failure to state a cause of action due to waiver of mortgage; failure to state a cause of action due to failure to send a premonitory notice), repealed the motion of non-compliance with the Agreement, denied violation of Article 20 of the Bankruptcy Law and assured that there was no renewal. Expected adjudgment of the bankruptcy.

Defendant insisted on the allegation of legal impossibility of the claim (the Brazilian Aeronautic Code prevents bankruptcy as requested) and on allegation of renewal, a matter that was not dealt with in the decision. It requested punishment of the Claimant for bad faith litigation and for having filed a bankruptcy petition based on a promissory note that was give as guarantee and discussed in another action, further to having omitted information that termination of the Agreement that had given origin to such credit instrument. Defendant requested the indemnification of Article 20 of Decree Law no. 7.661/45.

After receipt of the appeals the parties submitted their relevant briefs.

This is the report.

It should be noted that the members of the Judging Panel were aware of all petitions and documents that Transbrasil and Fundação Transbrasil submitted prior to termination of the judgment on April 16, 2002, and that despite the fact that they were attached per line (since it was not time to produce evidence, as two Justices had already voted), the documents were duly analyzed.

Before analyzing the preliminary allegations, we should say some words about the formal defects that the parties attributed to the decision.

Claimant complained about the analysis of a matter that was not raised while Defendant complained about the failure to analyze a raised issue.

Neither complaint should prevail.

## BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
### Translation no. 12.388          Page 82

Defendant's complaint shall not prevail since the decision had sufficient reason to deny the claim and was not obligated to analyze the other grounds of the merits of the case.

We should recall, together with the 2nd Panel of the Superior Court of Justice, that the "judicial function is practical and only the theses discussed in the action that are necessary to the decision of the case should be considered. When finding a case for the Claimant the Judge does not have to analyze all grounds. If one of them is sufficient to grant the result, the Judge is not obligated to analyze the others "see note 15c of Theotônio Negrão to Article 458 of the Civil Procedure Code, in "Código de Processo Civil e Legislação Processual em vigor", 32nd edition, 2001, page 467).

Claimant's complaint shall not prevail since the ground exposed in the decision to find the case for Defendant was raised and discussed in the dockets.

The defense of page 90 to 109 is concentrated on the absence of elements of absence of due time, such as defined in Article 1 of Decree Law no. 7.661/45.

The allegation of relevant reason for not making the payment had a relevant role in the arguments of such defense.

Inasmuch as such reason would be the renewal, as exposed in the defense, it was not limited to renewal, still according to the defense.

Defendant also refers to the action for declaration of nullity of the credit instrument and alleged that despite the existence of such action the creditor dared to file a petition for bankruptcy.

Even if it could not be understood that Defendant did not expressly allege that the existence of the action for declaration was itself a relevant reason to not make payment, the decision would not be null, since in view of the information contained in the action for declaration, it only applied the *mihi factum dabo tibi ius*.

The preliminary allegation of legal impossibility of the claim (by virtue of Articles 187 and 188 of the Brazilian Aeronautic Code) was well repealed in the decision.

The second paragraph of page 636 (of the decision) was not understood in the brief filed by Transbrasil on page 708. However, nothing that a slow re-reading cannot cure.

The fact that the law prohibits a legal entity to file a composition with creditors does not mean that such legal entity is free from bankruptcy.

Only traders and companies that the law expressly declared exempt from bankruptcy are not subject to bankruptcy, such as insurers, private security entities, cooperatives.

As emphasized in the decision, the case at hand is out of the strict scope of Articles 187 and 188 of the Brazilian Aeronautic Code.

The preliminary allegation of failure to state a cause of action due to failure to waive the mortgage right cannot prevail for two obvious reasons, both supported in the replication

**BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA**
Translation no. 12.388                    Page 83

of pages 449 to 471: the mortgages could not be registered and waiver of the mortgages does not have to be made expressly, it is implied in the bankruptcy petition.

The premonitory notice requested by Defendant was dispensable: the bankruptcy petition is based on a protested promissory note (it is not necessary to recall that protest is a solemn act for constitution of delay; in fact, in the case the delay was literally recognized by the debtor in the instrument of pages 182 to 193).

Was the existence of the action for declaration of nullity a reason to deny the bankruptcy petition or to stay the lawsuit?

With all due respect to the decision, the answer is no, as it may be verified in the convincing judgment reported by a person that has deep knowledge of the matter, Justice Aldo Magalhães:

"After a bankruptcy petition based on delay in payment (Article 1), the Judge may grant to the debtor that alleges a relevant issue, as per its request, the term of five days to prove its defense" with immediate forwarding of the dockets to the Judge upon termination of such term to issue the decision (Article 11, third Paragraph).

As it may be verified, the Bankruptcy Law system is not compatible with suspension of stay of the lawsuit based on Article 265, item IV, a of the Civil Procedure Code, since it requires that the relevant matter that has been alleged by the debtor be proven in the pre-bankruptcy action within the term established in law, in a summarized form, exactly in order to prevent that the debtor's proceeding postpones the adjudgment of the bankruptcy, since as very well observed by the Justice Attorney, "if the debtor has any relevant allegation to make, it shall do so at the Bankruptcy Court". And, it should be added, it shall also prove its allegation.

Moreover, it should also be added that the provision of Article 585, First Paragraph of the Civil Procedure Code concerning the execution proceeding is, for identical reason, applicable to bankruptcy proceedings, that have as procedural nature a collective execution against the common insolvent debtor." (Bill of Review no. 61.927-A, judgment of November 5, 1997 and published on the JTJ, Lex 206/202).

After such comments, we should analyze the other issues of the merits.  Such analysis should be made at this instance by virtue of Article 515, First and Second Paragraphs of the Civil Procedure Code.

Inasmuch as the promissory note that was attached to the petition has arisen from agreements that were terminated by the parties on pages 182/193, one cannot say that there was renewal thereof.

The debt represented by the promissory note of page 82 (translated on page 83) was recognized and ratified by the act of pages 182/193 (see page 191).

The termination agreement did not create a new obligation to replace the former one. On the contrary, concerning the promissory note, it recognized the debt, determined its value and already confessed the non-compliance, and for such reason the issue of non-compliance with the agreement should not prevail either.

## BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
### Translation no. 12.388          Page 84

In view of the foregoing it may be verified that Defendant did not pay a liquidated obligation established in the credit instrument that did not give legitimacy to the action for execution at maturity without any relevant legal reason.

Since there was no deposit, the bankruptcy should be decreed.

For the above reasons I do grant the appeal filed by Claimant and deny the appeal filed by Defendant.   Consequently, I hereby decree on this date the bankruptcy of Transbrasil S/A Linhas Aéreas, headquartered in the City of Brasília, Federal District and with main office located in this City of São Paulo at Rua General Pantaleão Teles, no. 40, enrolled as General Taxpayer under CNPJ/MF no. 60.872.173/0001-21, Aeroporto de Congonhas, operating in the field of:

a) regular air transportation in all its modalities including passenger services, load, orders, postal express packages and mail, according to the legal and regulatory rules in force.

b) tourism, hotels, restaurant and catering.

c) hangar, maintenance and aeronautic engineering

d) data processing, including creation, adaptation and development of programs or systems.

e) technical, administrative e financial assistance in supporting activities, ancillary or supplemental of air transportation in general.

I do hereby establish the date of bankruptcy as being sixty (60) days prior to the protest of page 87, notwithstanding another date that may be established by the Judge of the Court of first jurisdiction.

I do hereby appoint Mr. Alfredo Luiz Kugelmas, domiciled at Rua Benjamin Constant, no. 61, 8o andar, in the City of São Paulo, as Dative Receiver.  His immediate notice will be sent by the Secretary of this Superior Court, in view of the legal impediment of appointing the Claimant, which is domiciled abroad, notwithstanding any other appointment that may be made by the Judge of the Court of first jurisdiction, also with compliance with the rule of Article 60 of Decree Law no. 7.661/45.

I forward to the Bankruptcy Court in order that the other measures of Articles 14 to 16 of the Bankruptcy Law may be adopted.

Justices Ruiter Oliva (President, defeated vote) and Marco César (Rapporteur) participated of the judgment.

São Paulo, April 16, 2002.
Justice Antonio Vilenilson, Rapporteur (signed)



**PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

1

ACÓRDÃO



EMENTAS: 1. É VÁLIDO O ATO JUDICIAL QUE DEIXA DE EXAMINAR OS DEMAIS FUNDAMENTOS, QUANDO UM DELES É SUFICIENTE PARA O DESFECHO DA LIDE; 2. JULGADO O MÉRITO DA CAUSA, O APELO DEVOLVE AO TRIBUNAL TODAS AS QUESTÕES SUSCITADAS, AINDA QUE NÃO APRECIADAS PELA SENTENÇA; 3. ADMISSÍVEL, EM FACE DO RELATO DOS FATOS, A APLICAÇÃO, PELA SENTENÇA, DA REGRA *DA MIHI FACTUM DABO TIBI IUS*; 4. AS COMPANHIAS DE VIAÇÃO AÉREA ESTÃO SUJEITAS À FALÊNCIA; 5. DISPENSÁVEL NOTIFICAÇÃO PREMONITÓRIA NA FALÊNCIA BASEADA EM NOTA PROMISSÓRIA PROTESTADA; 6. SE O DEVEDOR TEM MOTIVO RELEVANTE PARA NÃO PAGAR, SÍTIO PRÓPRIO PARA ALEGAR E PROVAR ESSE MOTIVO SÃO OS AUTOS DA FALÊNCIA; 7. PARA QUE HAJA NOVAÇÃO É IMPRESCINDÍVEL A CRIAÇÃO DE OBRIGAÇÃO NOVA QUE SUBSTITUA A ANTIGA; 8. COMPROVADO QUE, SEM RELEVANTE RAZÃO DE DIREITO, SOCIEDADE COMERCIAL DEIXOU DE PAGAR NO VENCIMENTO DÍVIDA LÍQUIDA E CERTA, DECRETA-SE-LHE A QUEBRA (ART. 1º DO DEC.-LEI 7.661/45).

Vistos, relatados e discutidos estes autos de APELAÇÃO CÍVEL Nº 232.140-4/0, da Comarca de SÃO PAULO, em que são apelantes e reciprocamente apeladas GENERAL ELETRIC CAPITAL CORPORATION E TRANSBRASIL S/A LINHAS AÉREAS:

ACORDAM, em Nona Câmara de Direito Privado do Tribunal de Justiça do Estado de São Paulo, por maioria de votos, dar provimento ao recurso da autora e negar ao da ré.

*APELAÇÃO CÍVEL Nº 232.140-4/0 – SÃO PAULO – VOTO Nº 6006*

Berenice Malta
Translation 12.388



**PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

2

A r. sentença de fls. 633 a 645, cujo relatório adoto, julgou improcedente pedido de falência fundado no art. 1º do Dec.-lei 7.661/45 (impontualidade). Fê-lo porque a existência de ação declaratória de nulidade do título (nota promissória oriunda de arrendamento de aeronaves) torna ilíqüida a dívida e representa causa escusável para o não pagamento. Rejeitou pedido de condenação da autora por litigância de má-fé.

Rejeitados embargos declaratórios da autora, apelam ambas as partes.

A autora sustenta que a concomitância da ação de nulidade do título não era razão nem sequer para suspensão deste processo (como, aliás, reconhecido pela r. sentença); muito menos para a *improcedência* do pedido de falência, até porque a existência daquela ação não retira a liquidez da obrigação nem implica relevante razão de direito para não pagar. A tal matéria relevante alegada pela ré deveria ter sido provada nestes autos de falência. Invoca lei, doutrina e jurisprudência. Refuta as preliminares argüidas pela defesa (impossibilidade jurídica do pedido; carência, por falta de renúncia a hipotecas; carência, por falta de notificação premonitória), repele exceção de contrato não cumprido, nega

*APELAÇÃO CÍVEL Nº 31.116.48 - SÃO PAULO - VOTO Nº 8666*

Berenice Malta
Translations

3



**PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

infração ao art. 20 da Lei de Falências e assegura que de modo algum ocorreu novação. Espera se decrete já a quebra.

A ré insiste na alegação de impossibilidade jurídica do pedido (o Código Brasileiro de Aeronáutica impede a quebra tal como proposta) e na alegação de novação, assunto de que não cuidou a r. sentença. Espera se puna a litigância de má-fé da autora, que, além de pedir falência baseada em nota promissória dada como garantia e discutida noutra ação, omitiu notícia da rescisão do contrato que dera origem àquele título. Quer, outrossim, a indenização do art. 20 do Dec.-lei 7.661/45.

Preparados e recebidos os recursos, vieram as respectivas contra-razões.

Esse o relatório.

Registre-se que de todas as petições e de todos os documentos que a Transbrasil e a Fundação Transbrasil apresentaram antes de se encerrar o julgamento, em 16 de abril de 2.002, os componentes da turma julgadora tiveram ciência e, apesar de juntadas por linha (já não era hora para colheita de prova: dois desembargadores haviam votado), puderam examiná-los.

*APELAÇÃO CÍVEL Nº 232.140-4/8 – SÃO PAULO - VOTO Nº 9064*

Berenice Malta
Translations



PODER JUDICIÁRIO
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

5

A defesa de fls. 90 a 109 se concentra, no que diz com o mérito, na ausência dos elementos da *impontualidade*, tal como definida pelo art. 1º do Dec.-lei 7.661/45.

Papel de relevo na argumentação daquela defesa foi desempenhado pela argüição de relevante razão de direito para não pagar.

Embora tal relevante razão consistisse, segundo a resposta, na alegada novação, não se limitava a ela, ainda segundo a resposta.

Em mais de um passo, a ré alude à declaratória de nulidade do título e diz que, apesar daquela demanda, a credora ousou pedir a falência.

Ainda que se não entendesse que a ré não alegou de modo explícito que a existência da declaratória era por si só relevante razão para não pagar, nula não seria a r. sentença que, perfilhando tal inteligência, não fez mais do que aplicar, em face da iniludível notícia da declaratória, o velho *da mihi factum dabo tibi ius.*

A preliminar de impossibilidade jurídica do pedido (por força dos arts. 187 e 188 do Código Brasileiro de Aeronáutica) foi bem repelida pela r. sentença.

*APELAÇÃO CÍVEL Nº 232.140-4/0 – SÃO PAULO – VOTO Nº 8066*

Berenice Malta
Translations

6



**PODER JUDICIÁRIO**

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

O segundo parágrafo de fls. 636 (da sentença) não foi compreendido pelas razões da Transbrasil a fls. 708. Nada, porém, que uma antidinâmica releitura não remedie.

O proibir a lei impetre certa pessoa jurídica concordata não significa esteja ela livre de falências.

Só os comerciantes e as sociedades que a lei declara expressamente excluídos, como sucede com as companhias seguradoras, com as entidades de previdência privada, com as cooperativas, é que não estão sujeitos à falência.

Como salienta a r. sentença, o caso de que se trata está fora do restrito semicírculo dos arts. 187 e 188 do Código Brasileiro de Aeronáutica.

A preliminar de carência da ação por falta de renúncia ao direito de hipoteca não triunfa por duas óbvias razões, sustentadas ambas pela réplica de fls. 449 a 471: as hipotecas não puderam ser registradas e a renúncia a elas não precisa ser expressa, está implícita no próprio requerimento de quebra.

A notificação premonitória reclamada pela ré era dispensável: o pedido de falência se baseia em nota promissória protestada (desnecessário relembrar que o protesto é o solene e precípuo

*APELAÇÃO CÍVEL Nº 252.140-4/0 – SÃO PAULO – VOTO Nº 8068*

7

 **PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

ato de constituição em mora; mora, aliás, que no caso fora literalmente

reconhecida pela devedora no instrumento de fls. 182 a 193).

A existência da ação declaratória era motivo para a

improcedência do pedido de quebra ou para a suspensão do processo?

Sem desprimor para a r. sentença, a resposta é não, como se

pode ver de convincente acórdão relatado pelo profundo sabedor do

assunto, que é o Des. Aldo Magalhães:

"Requerida a quebra com base na impontualidade (artigo 1º),

"ao devedor que alegue matéria relevante, o Juiz pode conceder, a seu

pedido, o prazo de cinco dias para provar a sua defesa", com imediata

conclusão dos autos ao término do prazo para prolação da sentença (artigo

11, § 3º).

Como se vê, o sistema da Lei de Falências não se

compatibiliza com a suspensão do processo a teor do artigo 265, inciso

IV, a, do Código de Processo Civil, por exigir que a matéria relevante que

tenha sido alegada pelo devedor seja comprovada no processo pré-

falimentar em prazo que a lei fixa de forma exígua exatamente para

impedir que o procedimento tortuoso do devedor procrastine a decretação

de sua quebra, pois, como argutamente observou a douta Procuradoria de

Justiça, "se alguma cousa de relevante a devedora tiver de alegar, que o

*APELAÇÃO CÍVEL Nº 252.140-4/0 - SÃO PAULO - VOTO Nº 1664*



**PODER JUDICIÁRIO**

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

8

faça no Juízo falimentar". E que neste, pode-se acrescentar, prove sua alegação.

Ademais, não custa, em reforço, observar que quanto dispõe o artigo 585, § 1º, do Código de Processo Civil, no tocante ao processo de execução se aplica, por idêntica razão, ao processo de falência, que tem a natureza processual de uma execução coletiva dirigida contra o devedor comum insolvente." (A.I. nº 61.927-A, julgado em 5 de novembro de 1997 e publicado em JTJ, Lex, 206/202).

Afastado esse decisivo (para a r. sentença) argumento, impõe-se o exame das demais questões de mérito. Esse exame tem lugar nesta instância em razão do art. 515, §§ 1º e 2º, do CPC.

Embora a nota promissória que instrui o pedido decorra dos contratos rescindidos pelas partes a fls. 182/193 não há falar, na acepção rigorosa do termo, que houve novação.

O débito representado pelo nota de fls. 82 (traduzida a fls. 83) foi reconhecido e ratificado pelo ato de fls. 182/193 (*vide* fls. 191).

O contrato de rescisão não criou uma obrigação nova para substituir a antiga. Pelo contrário, no que diz com a promissória, reconheceu a dívida, determinou seu valor e já deixou confessado o

*APELAÇÃO CÍVEL Nº 232.146-4/9 – SÃO PAULO – VOTO Nº 0066*

9

 **PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

inadimplemento, razão também essa para fazer despicienda a questão do contrato não cumprido.

Verifica-se, diante do exposto, que, de fato, sem relevante razão de direito, a ré não pagou no vencimento obrigação líquida, constante de título que legitimava ação executiva.

Como não houve depósito elisivo, impõe-se a quebra.

Pelas razões expostas, dou provimento ao recurso da autora e o nego ao da ré. Em conseqüência, decreto, nesta data, a falência de Transbrasil S/A linhas Aéreas, sediada em Brasília, Distrito Federal, e com estabelecimento principal nesta Capital de São Paulo, na Rua General Pantaleão Teles, nº 40, inscrita no C.N.P.J. sob nº 60.872.173/0001-21, Aeroporto de Congonhas, operando no ramo de:

a) Transporte aéreo regular em todas as suas modalidades, com serviços de passageiros, cargas, encomendas, expressos e malas postais, dentro das normas legais e regulamentares vigentes.

b) Turismo, hotelaria, restaurantes e cozinha de bordo.

c) Hangaragem, manutenção e engenharia aeronáutica.

d) Processamento de dados incluindo criação, adaptação e desenvolvimento de programas ou sistemas.

*APELAÇÃO CÍVEL Nº 252.140-4/0 — SÃO PAULO — VOTO Nº 6066*

10



**PODER JUDICIÁRIO**
TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO

e) Assistência técnica, administrativa e financeira em atividades de apoio, auxiliares ou suplementares do Transporte Aéreo em geral.

Fixo o termo legal da quebra 60 dias antes do protesto de fls. 87, sem prejuízo de que outro possa ser fixado pelo MM. Juízo de primeiro grau.

Nomeio síndico dativo o Dr. Alfredo Luiz Kugelmas, Rua Benjamin Constant, nº 61, 8º andar, Capital, cuja intimação imediata será providenciada pela Secretaria do Tribunal, ante o óbice legal de nomeação da requerente, estabelecida no Exterior; sem prejuízo, é claro, de outra nomeação ser feita em primeiro grau, obedecida inclusive a norma do art. 60 do Dec.-lei 7.661/45.

Remeto ao MM. Juiz da falência as demais providências dos artigos 14 a 16 da Lei de Quebras.

Participaram do julgamento os Desembargadores RUITER OLIVA (Presidente), com voto vencido e MARCO CÉSAR (Revisor).

São Paulo, 16 de abril de 2.002.

Des. Antonio Vilenilson
Relator

*APELAÇÃO CÍVEL Nº 232.148-4/9 – SÃO PAULO – VOTO Nº 6966*

Berenice Malta
Translations

**BRAZILIAN DOCUMENTS SET B: -**

**TRANSLATION (ENGLISH) AND ORIGINAL (IN PORTUGUESE)**

# BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
**Sworn Public Translator of the English Language**
**Registered with the Commercial Registry under no. 317**
**Registered with the Brazilian Bar Association under OAB/SP no. 32.717**

Translation no. 12.389
Date: February 4, 2010



Page 88
Book: 162

---

I, Berenice Rodrigues de S. O. Malta, Sworn Public Translator of the English language, do hereby certify that, to the best of my knowledge and belief, the following is the true translation into English of the Instrument of Commitment of Receiver in Bankruptcy and Judicial decision in the Bankruptcy Petition of Transbrasil S/A Linhas Aéreas requested by General Electric Capital Corporation, a document that was originally written in Portuguese:

## INSTRUMENT OF COMMITMENT

On October 19, 2004, in this City of São Paulo, State of São Paulo, in compliance with the Judgment of pages 824/833, in this Depro 11 Directory Division, before me, undersigned judicial clerk, personally appeared Mr. **ALFREDO LUIZ KUGELMAS**, enrolled with the Brazilian Bar Association –São Paulo Chapter - under OAB/SP no. 15.335, with office at Rua Benjamin Constant, no. 61, 8o andar, in this City of São Paulo, who undertook the commitment to exercise faithfully and in good faith the functions of **RECEIVER** in the dockets of the **BANKRUPTCY no. 79104/2001** of the 19th Civil Court of São Paulo, now at the level of **APPEAL** to this Superior Court of Justice under no. 232.140-4/0. After having taken the position the receiver committed to exercise the position in good faith without willful misconduct or malice, with total loyalty, under the penalties of law. In witness whereof I wrote this instrument, which was read, reviewed and duly signed.
I, (illegible), judiciary technical clerk typed it. I, Márcia H. Maroni, Director of Depro 11, signed it.
**ANTONIO VILENILSON**
Rapporteur Justice (signed)

**ALFREDO LUIZ KUGELMAS**
Receiver (signed)

## DOCKETS FORWARDED TO THE JUDGE
On May 15, 2008 I forwarded the dockets to the Judge of the 19th Civil Court of São Paulo, Mr. Clovis Ricardo de Toledo Junior.
I, Clerk, signed this entry.
Lawsuit no. 000.01.079104-3

## JUDICIAL ENTRY (HANDWRITTEN):
- Reviewed.
- Decision issued separately, in five (5) pages written on the front part only. Notify the parties. São Paulo, May 15, 2008.

---

**Rua Cte. Ismael Guilherme, 373 - CEP- 04031-120- São Paulo - Brasil**
**Tel: (55 11) 5579.0144 (55 11) 5573.2238 – Fax: (55 11) 5575.8287 Mobile: (55 11) 9489.4169**
**OAB/SP no. 32.717  CPF/MF 034457788-09  INSS 11039021500  ISS 8.541.071-3**
e-mail: bemalta@uol.com.br

Clovis Ricardo de Toledo Junior, Judge (signed)

**19TH Civil Court of the City of São Paulo
Lawsuit no. 583.00.2001.079104-3**

**DECISION**

Reviewed.

TRANSBRASIL S.A. – LINHAS AÉREAS, already qualified in the dockets, was adjudged Bankrupt by the Superior Court of the State of São Paulo, by virtue of the petition filed by GENERAL ELECTRIC CAPITAL CORPORATION.

First, as it may be verified in the dockets, the decision issued on July 30, 2001 (pages 593/607) found for Defendant in order to deny the adjudgment of bankruptcy.

However, the Superior Court of the State of São Paulo, granting the appeal filed by General Electric Capital Corporation, adjudged the bankruptcy of the company Transbrasil S.A. – Linhas Aéreas (pages 787/796, with declaration of the defeated vote of the renowned Justice Ruiter Oliva – pages 797/803).

Thus, there was the filing of Request for Rehearing en Banc (*Embargos Infringentes*) that suspended the effect of the adjudgment of bankruptcy. This notwithstanding, the request for rehearing en banc was rejected by means of the decision issued on August 12, 2003 (pages 1523/1537).

Thus, there was the filing of Request to Amend Judgment (*Embargos de Declaração),* which was also rejected on September 16, 2003 (pages 1575/1580).

After all that, on November 30, 2004, it was determined that the Judgment that ordered the bankruptcy of Transbrasil (page 2433) should be complied with, so that it was designated a hearing to be held pursuant to Article 34 of Decree-Law no. 7.661, of June 21, 1945.

Also, prior to the holding of such reason, on December 17, 2004, Justice Eros Grau filed a Writ of Prevention filed with the Federal Supreme Court, which suspended all decisions of the Superior Court of Justice about the case (pages 2592/2595).

More recently, however, the Writ of Prevention filed with the Federal Supreme Court was adjudged extinguished (pages 4005 and 4007/4009).

Nevertheless, it is still pending the decision of the Special Appeal filed with the Superior Court of Justice and thereafter there will still be an Extraordinary Appeal to the Federal Supreme Court.

## BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
**Translation no. 12.389**                    **Page  90**

After all that, with 24 volumes of supplementary dockets, the Bankrupt requested, among other things, the remittance of the case to one of the Specialized Bankruptcy Courts of this City of São Paulo (pages 4816/4826 – and documents of pages 4827/4850).

The Receiver that was appointed manifested in the dockets (pages 4963/4965) and so did the Justice Department (page 4969, back).

The dockets were forwarded by me to one of the Bankruptcy and Judicial Recovery Courts (pages 4975/4982).

However, the Judge of the First Bankruptcy and Judicial Recovery Court alleged that there was Conflict of Jurisdiction (pages 5033/5034). In the same manner, General Electric Capital Corporation filed a Bill of Review *(Agravo de Instrumento)* (pages 5040/5046). Thus, as it may be verified in the recently attached order, in view of the existence of the Bill of Review with suspensive effects, there would no longer be any conflict of jurisdiction.

## THIS IS THE REPORT

## DECISION

Even with existence of pending appeals and even if the case is in course only in supplementary dockets (what makes its handling and understanding extremely difficult) and even with existence of a claim of the 22nd Civil Court that could, in the future, modify the legal status of the bankrupt party, the case shall proceed.

It is undeniable that there is an enormous difficulty to proceed with the present case in view of the absence of specialization of this Court to deal with the nature of the lawsuit. On the other hand, the dockets are supplementary and there are many parties interested in the case.

But concerning continuation, all effects already decided at the time the bankruptcy was adjudged remain valid, such as the legal term of sixty (60) days from the date of protest, among others, like the obvious effect of constitution of the bankruptcy status.

This notwithstanding and in the same manner of what was done in the case of the bankruptcy of Fazendas Reunidas Boi Gordo S.A. (lawsuit no. 583.00.2002.171131-3) the procedural provisions of **Law no. 11.101, of February 9, 2005** shall be applicable to the case.

In fact, the decision issued by the Superior Court of Justice contains all provisions of Article 14 of Decree Law no. 7661, of June 21, 1945.

To such effect, the Superior Court appointed as Receiver Mr. **Alfredo Luiz Kugelmas.**

Nevertheless, in view of the enormousness of the case and the term that will take until termination of the case, I think that it is necessary to appoint two "receivers" so as to expedite the course of the case. To such effect, in order to join, on one hand, the *expertise* of a professional and, on the other hand, the continuous *renewal* for continuation of the judicial proceeding and up to final solution of the case, I hereby appoint to act as Receiver

**BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA**
Translation no. 12.389                  Page 91

---

of the bankrupt estate Mr. **Gustavo H. S. Arruda Pinto**, who shall also be notified to sign the Instrument of Commitment within 24 hours, as already done by the other professional (on page 2434).

The case at hand is difficult and has an enormous work still to be done. Thus, the appointment of two professionals will be very advantageous to the case as a manner to suppress the specialization and expertise deficiencies of the Court for such a complex case.

Therefore, as already said above, concerning the enrollments of credits and verifications of credits, notwithstanding the provision of Article 192 of Law no. 11.101, of February 9, 2005, according to the principles already exposed in the decision of pages 4975/4982, that is, on one hand, the existence of **fixed rules** and, on the other hand, the need of **variable strategies** there is vital need of releasing judicial intervention in the beginning of the procedure for verification of credits.

The Receivers of the bankrupt estate shall verify the credits and may hire the services of ancillary professionals for such purpose.

The dockets shall be forwarded to the Receivers for the term of thirty (30) days for verification, in the middle of the entangled documents, of the documents for enrollment and determination of credits, so that they may be duly organized.

I hereby schedule a hearing for July 7, 2008 at 2 pm to hear the parties mentioned in the decision of page 2433, and order the issuance of the relevant notices.

As requested by the Receiver, Mr. Alfredo Luiz Kugelmas (pages 4963/4965), I order the issuance of the Term of Seizure of the assets of the bankrupt estate at the addresses where its activities used to be carried out.  In the same manner, notify the bankrupt estate to inform the addresses where its assets are located, especially the aircrafts, so that they may be seized, and to inform any acts that may be revoked, of which it may be aware.

Finally, I determine compliance with the decision of page 2433 by the Clerk with communication of this decision to the Justice Department.

Notify.

São Paulo, May 15, 2008.
Clóvis Ricardo de Toledo Junior, Judge (signed)

Date: On May 16, 2008, I received the dockets at the judicial office. (signed)

---



JUDICIARY POWER
SÃO PAULO
19TH Civil Court – Forum João Mendes Junior
9o andar – sala 905

# BERENICE RODRIGUES DE SALLES OLIVEIRA MALTA
### Translation no. 12.389        Page 92

---

19th Civil Court – Office
Praça João Mendes, s/no. salas 900/905 – Centro – São Paulo – Tel: 2171-6155

Lawsuit no. 583.00.2001.079104-3/000000-000
Order no. 507/2008

Action: Bankruptcy
Claimant: GENERAL ELECTRIC CAPITAL CORPORATION
Defendant: TRANSBRASIL S.A. LINHAS ÁEREAS

### INSTRUMENT OF COMMITMENT

On May 26, 2008, in this City of São Paulo, State of São Paulo, at the office of the Judge of the 19th Court, Mr. CLOVIS RICARDO DE TOLEDO JUNIOR and before me, undersigned judicial clerk, personally appeared Mr. **GUSTAVO HENRIQUE SAUER DE ARRUDA PINTO,** enrolled with the Brazilian Bar Association –São Paulo Chapter - under OAB/SP no. 102.907, enrolled as Individual Taxpayer under CPF/MF no. 022.745.988-19, with office at Praça da Liberdade, 130, 8o andar, conj. 84/86, in this City of São Paulo, who undertook the commitment to exercise faithfully and in good faith the functions of **RECEIVER** in the dockets of the aforementioned lawsuit, in view of the decision issued on May 15, 2008.

After having taken the position the receiver committed to exercise the position with total loyalty, under the penalties of law.

In witness whereof I wrote this instrument, which was read, reviewed and duly signed.

I, Priscila Couto Vieira, judiciary technical clerk typed it.  I, Gabrielle Martins L. S. Zahary, Director, signed it.

**CLÓVIS RICARDO DE TOLEDO JÚNIOR**
JUDGE (signed)

**GUSTAVO HENRIQUE S. A. PINTO**
Receiver (signed)

## TERMO DE COMPROMISSO

Aos __19__ dias do mês de outubro do ano de dois
mil e quatro, nesta cidade e Comarca da Capital do Estado
de São Paulo, em cumprimento ao v. acórdão de fls. 824/833,
compareceu nesta Diretoria de Divisão do Depro 11, comigo
escrevente identificado ao final, o Dr. **ALFREDO LUIZ
KUGELMAS**, inscrito na OAB/SP sob n° 15335, com escritório à
Rua Benjamin Constant, n° 61, 8° andar, nesta Capital e
prestou o compromisso de bem e fielmente desempenhar as
funções de **SÍNDICO**, nos autos de **FALÊNCIA** de n° 79104/2001,
oriunda da 19ª Vara Cível desta Comarca, ora em grau de
**APELAÇÃO** neste Egrégio Tribunal de Justiça sob n° 232.140-
4/0. Prestado o compromisso, prometeu exercer o cargo com
boa fé e sã consciência, sem dolo nem malícia, com absoluta
fidelidade, sob as penas da lei. Nada mais e para constar,
lavrei este termo, que lido e achado conforme, vai
devidamente assinado.

Eu, _____, escrevente técnico judiciário, digitei.

Eu, _____, Diretora do Depro 11,
subscrevi.

ANTONIO VILENILSON
Desembargador Relator

ALFREDO LUIZ KUGELMAS
COMPROMISSADO

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO P^.

Berenice Malta
Translation 18.389

## C O N C L U S Ã O

Em 15 de maio de 2008, faço estes autos conclusos ao MM. Juiz de Direito Dr. CLOVIS RICARDO DE TOLEDO JUNIOR, MM. Juiz de Direito da 19ª Vara Cível da Comarca de São Paulo/SP.

Eu _____ , Escrevente, subscrevi.

Processo nº 000.01.079104-3

— Vistos.

— Decido em separado.
5 (cinco) laudas, numa
apenas no anverso.

— Jmt.
— S!!, 15.05.08.

Clovis Ricardo de Toledo Junior
JUIZ DE DIREITO

Berenice Malta
Translations



**PODER JUDICIARIO**
SÃO PAULO

19ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL

Proc. n.º 583.00.2001.079104-3.

VISTOS.

TRANSBRASIL S.A. – LINHAS AÉREAS, já qualificada nos autos, teve a falência decretada pelo egrégio Tribunal de Justiça do Estado de São Paulo em virtude de ação proposta por GENERAL ELECTRIC CAPITAL CORPORATION.

Inicialmente, como se depreende dos autos, em sentença proferida em 30 de julho de 2001 (fls. 593/607), o pedido foi julgado improcedente.

Contudo, o egrégio Tribunal de Justiça do Estado de São Paulo, dando provimento ao recurso da *General Electric Capital Corporation*, decretou a falência da empresa *Transbrasil S.A. – Linhas Aéreas* (fls. 787/796, com declaração de voto vencido do eminente Des. Ruiter Oliva – fls. 797/803).

Assim, houve a interposição de **embargos infringentes**, que suspenderam a eficácia da decretação da falência. Nada obstante, os embargos infringentes foram rejeitados em julgamento proferido em 12 de agosto de 2003 (fls. 1.523/1.537).

Desta decisão houve **embargos de declaração**, que, contudo, também foram rejeitados em 16 de setembro de 2003 (fls. 1.575/1.580).

Após tudo isso, em 30 de novembro de 2004 foi determinado o cumprimento do acórdão que decretou a falência (fl. 2.433), tendo sido designada a realização de audiência nos termos do art. 34 do Decreto-lei n.º 7.661, de 21 de julho de 1945.

1

Berenice Malta
Translations



# PODER JUDICIÁRIO
SÃO PAULO



19ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL

Proc. n.º 583.00.2001.079104-3.

Ainda, antes da realização da referida audiência, por meio de ação cautelar proposta perante o colendo Supremo Tribunal Federal, o eminente Ministro Eros Grau, em 17 de dezembro de 2004, suspendeu todas as decisões do Tribunal de Justiça sobre o presente feito (fls. 2.592/2.595).

Mais recentemente, contudo, a ação cautelar proposta perante o Supremo Tribunal Federal foi julgada extinta (fls. 4.005 e 4.007/4.009).

Entretanto, pende ainda a decisão do recurso especial perante o Superior Tribunal de Justiça e, após, ainda haverá recurso extraordinário perante o Supremo Tribunal Federal.

Após tudo isso, em 24 volumes de *autos suplementares*, a falida requereu (fls. 4.816/4.826 – e documentos de fls. 4.827/4.850), entre outras coisas, a remessa dos autos a uma das Varas Especializadas desta Comarca.

O senhor Síndico nomeado manifestou-se nos autos (fls. 4.963/4.965), e assim também o Ministério Público (fl. 4.969, verso).

Os autos foram remetidos por mim a uma das Varas de Falências e Recuperações Judiciais (fls. 4.975/4.982).

Contudo, o douto Magistrado da egrégia 1.ª Vara de Falências e Recuperações Judiciais suscitou Conflito de Competência (fls. 5.033/5.034). Da mesma forma, houve recurso de agravo de instrumento da *General Electric Capital Corporation* (fls. 5.040/5.046). Assim, como se vê pelo ofício juntado recentemente, tendo em vista a existência do agravo, com o efeito suspensivo, não haveria mais conflito de competência.

2

Berenice Matta
Translations

# PODER JUDICIÁRIO

SÃO PAULO

19ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL

Proc. n.º 583.00.2001.079104-3.

## É O RELATÓRIO.

## FUNDAMENTO E DECIDO.

Ainda que existam recursos pendentes e que o feito tramite apenas em autos suplementares (o que dificulta profundamente a sua manipulação e compreensão), bem como ainda que exista uma demanda proveniente da 22.ª Vara Cível que poderá, no porvir, modificar todo o estado jurídico da falida, o feito deve ter andamento.

É inegável que há uma dificuldade enorme para o prosseguimento do presente feito, tendo em vista a ausência de especialização da Vara para a natureza do processo. Da mesma forma, trata-se de autos suplementares, e há inúmeros interessados na causa.

Mas, enfim, no que diz respeito ao prosseguimento, todos os efeitos já decididos no momento da decretação da quebra permanecem válidos, tais como o termo legal de 60 dias da data do protesto, entre outros, como o óbvio efeito da constituição de um estado falimentar.

Nada obstante, ainda assim, e a exemplo do que foi feito na falência da empresa Fazendas Reunidas Boi Gordo S.A. (proc. nº 583.00.2002.171131-3), devem ser aplicados aos autos os dispositivos de cunho processual da **Lei n.º 11.101, de 09 de fevereiro de 2005.**

Com efeito, a decisão proferida pelo egrégio Tribunal de Justiça contém todo o disposto no art. 14 do Decreto-lei n.º 7.661, de 21 de junho de 1945.

3

Berenice Matta
Translations



# PODER JUDICIÁRIO
SÃO PAULO

19ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL

Proc. n.º 583.00.2001.079104-3.

Neste sentido, foi nomeado como síndico pelo egrégio Tribunal o dr **Alfredo Luiz Kugelmas**.

Contudo, tendo em vista a grandeza do feito e o prazo que levará até à conclusão da causa, reputo necessária a nomeação de dois "administradores" para que a celeridade e presteza sejam a tônica para o trâmite da causa doravante. Neste sentido, para que sejam comungadas, de um lado, a *experiência* de um profissional, e, de outro, a *renovação* perene para a continuidade da prestação jurisdicional no presente e no porvir até à resolução definitiva, nomeio também para funcionar como Síndico/Administrador da massa o dr. **Gustavo H. S. Arruda Pinto**, que também deverá ser intimado para assinar o termo de compromisso em 24 horas, como já feito pelo anterior profissional (fl. 2.434).

O presente feito apresenta-se dificultoso e possui um trabalho hercúleo por ser realizado. Assim, a nomeação de dois profissionais será de excelente proveito para a causa, como forma de suprir as deficiências de especialização da Vara para uma causa deveras complexa.

Portanto, como já dito acima, no tocante às *habilitações e verificações de créditos*, nada obstante o disposto no art. 192 da Lei n.º 11.101, de 09 de fevereiro de 2005, segundo os princípios já expostos na decisão de fls. 4.975/4.982, ou seja, de um lado, a existência de **regras fixas** e, de outro, a necessidade de **estratégias variáveis**, há imprescindível necessidade de dispensar a intervenção judicial no início do procedimento de verificação de créditos.

Os Síndicos/Administradores da massa realizarão os créditos, podendo contratar os serviços auxiliares de profissionais para esta finalidade.

4

Berenice Malta
Translations



# PODER JUDICIÁRIO
SÃO PAULO

19ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL

Proc. n.º 583.00.2001.079104-3.

Os autos deverão ser dados em carga pelo prazo de 30 dias para os Síndicos/Administradores, para a verificação no emaranhado de documentos juntados daqueles destinados à realização e apuração de créditos, para que sejam devidamente organizados.

Designo o dia 07 de Julho de 2008, às 14h00, para a ouvida das pessoas mencionadas na decisão de fl. 2.433, expedindo-se o necessário.

Como requerido pelo dr. Alfredo Luiz Kugelmas (fls. 4.963/4.965), expeçam-se os mandado de lacração e arrecadação dos bens da falida, nos endereços onde exercia suas atividades. Da mesma forma, intime-se a falida para que informe os endereços onde se encontram bens, especialmente aviões, para que sejam arrecadados, bem como informe os atos suscetíveis de revogação que tenha conhecimento.

No mais, cumpra a Senhora Escrivã o contido na decisão de fl. 2.433, dando-se, ainda, ciência ao Ministério Público da presente decisão.

Int.

São Paulo, 15 de maio de 2008.

**CLÓVIS RICARDO DÉ TOLEDO JÚNIOR**
Juiz de Direito

D A T A

Em            de       1 6 MAJ. 2008      de
recebi estes autos em Cartório.
Eu,
Escr. subscr

5

Berenice Malta
Translations

S286



# PODER JUDICIÁRIO
## SÃO PAULO

19ª Vara Cível Central • 19º Ofício Cível Central
Fórum João Mendes Júnior
9º andar • sala 905
19º OFÍCIO CÍVEL CENTRAL
Praça João Mendes, s/nº • salas 900/905 • Centro• São Paulo/SP – Telefone: 2171-6155

Processo nº 583.00.2001.079104-3/000000-000
Ordem nº 507/2008

Ação: Falência
Requerente: GENERAL ELETRIC CAPITAL CORPORATIONAL
Requerido: TRANSBRASIL S/A LINHAS AÉREAS

### COMPROMISSO DE SINDICO

Em _26_ de ___maio___ de 2008, nesta cidade e comarca de São Paulo, na sala de despachos do(a) MM(a) Juiz(a) de Direito em exercício da 19ª. Vara Cível, Dr(a) CLOVIS RICARDO DE TOLEDO JUNIOR, comigo escrevente identificado no final, compareceu o(a) Sr(a): GUSTAVO HENRIQUE SAUER DE ARRUDA PINTO, OAB/SP nº 102907, CPF 022.745.988-19, estabelecido na Praça da Liberdade, 130, 8º andar, conj. 84/86, São Paulo-SP, a quem o MM(a) Juiz(a) deferiu o compromisso de bem e fielmente desempenhar as funções de síndico, nos autos da ação acima identificada, por decisão proferida em 15/05/2008.

Prestado assim o compromisso, prometeu cumpri-lo com fidelidade, sob as penas da lei.

Para constar, lavrei o presente termo que lido e achado conforme é assinado. Eu, _____(PRISCILA COUTO VIEIRA), Escrevente, digitei. Eu, _____(GABRIELLE MARTINS L.S.ZAHARY) Escrivã Diretora, conferi, subscrevi.

CLÓVIS RICARDO DE TOLEDO JÚNIOR
Juíz(a) de Direito

CERTIDÃO
Certifico ser autêntica a assinatura do(a) Dr(a) CLÓVIS RICARDO DE TOLEDO JÚNIOR, MM(a) Juiz(a) de Direito da 19ª. Vara Cível da Comarca de São Paulo-SP.
São Paulo, 19 de maio de 2007

GABRIELLE MARTINS L.S.ZAHARY
Escrivã Diretora

GUSTAVO HENRIQUE S. A. PINTO
COMPROMISSADO



# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

TRANSBRASIL S.A. LINHAS AÉREAS,

    Debtor in a Foreign Proceeding

_____/

Chapter 15
Case No. _____

## ORDER GRANTING RECOGNITION OF FOREIGN
## MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
## THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

THIS CAUSE came on for hearing on _____, 2011, upon the Verified Petition For

Recognition of Foreign Main Proceeding Pursuant To §1515 and §1517(D.E. 4) (the "Chapter 15

Petition") seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code,

of a foreign proceeding ("Transbrasil Proceeding"), pending in the 19th Civil Court of São Paulo,

Brazil ("Brazilian Court"), filed by Gustavo Henrique Sauer de Arruda Pinto ("Trustee"), as Co-

Trustee of the Bankruptcy Estate of Transbrasil S.A. Linhas Aéreas ("Transbrasil") within the

meaning of 11 U.S.C. § 1502(6). The Court (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Trustee and (b) has considered the Chapter 15 Petition and related pleadings, certain Orders from the Brazilian Court, and the entire record in this matter. Accordingly, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) and is the duly appointed foreign representative of Transbrasil.

E.      The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

F.      The Trustee has met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The Transbrasil Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets is a foreign proceeding pursuant to 11 U.S.C. § 101(23) and 1502(4).

H.      The Transbrasil Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The Transbrasil Proceeding is pending in Brazil, the country where the center of main interests of Transbrasil is located, and accordingly the Transbrasil Proceeding is a foreign

2

main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.      The Trustee is further entitled to seek the relief set forth in 11 U.S.C. § 1521.

L.      The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to the applicable provisions of the Bankruptcy Code, and will not cause any hardship to the creditors of Transbrasil or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1.      The Transbrasil Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2.      The Transbrasil Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3.      The Transbrasil Proceeding, including but not limited to the Bankruptcy Order, shall be given full force and effect and be binding on an enforceable in the United States against all persons and entities.

4.      The Trustee is entrusted with the administration and realization of all or a part of Transbrasil's assets within the territorial jurisdiction of the United States.

5.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Transbrasil located in the United States.

6.      All person and entities are stayed from executing against the assets of Transbrasil located in the United States.

7.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Transbrasil or of the Related Parties located in the United States.

8.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of Transbrasil located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following address:

> Attention: Gustavo Henrique Sauer de Arruda Pinto
> Praça da Liberdade, 130
> Oitavo andar, cjs. 84/86
> SP, CEP – 01503-010
> Brasil

> with copy to:

> Attention: Gregory S. Grossman
> Astigarraga Davis Mullins & Grossman, P.A.
> 701 Brickell Avenue
> Suite 1650
> Miami, FL 33131

which shall set forth:  (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

9.      The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Transbrasil without further order of this Court.

10.     The Trustee, if permitted by the Brazilian Court, is authorized to operate the business that is the subject of the Foreign Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

11.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

###

Submitted by:

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
*Attorneys for the Trustee*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
ggrossman@astidavis.com

Copy furnished to:
Gregory Grossman, Esq.
(Attorney Grossman is directed to mail a copy of this Order as indicated in the Order and file a Certificate of Service with the Court).

F:\WDOX\CLIENTS\30101\2001\00092121.DOC