IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          Case No. 11-19484-BKC-AJC

TRANSBRASIL S.A. LINHAS AEREAS,                 Chapter 15

     Debtor.

_____/

## MOTION TO DISMISS CASE AND UNSEAL DISCOVERY PROCEEDINGS

Transbrasil S.A. Linhas Aereas ("Transbrasil"), acting by and through its majority shareholder, the Estate of Omar Fontana ("Fontana Estate") and Trustee of the Fontana Estate, Mrs. Denilda Fontana, widow of Omar Fontana, the founder of Transbrasil, files this Motion to Dismiss Case and Unseal Discovery Proceedings, supported by the Declaration of Denilda Fontana attached hereto as Exhibit 1, and states as follows:[1]

## BACKGROUND

1.      In April 2002, a unit of the General Electric Company commenced an involuntary bankruptcy proceeding against Transbrasil in Brazil.[2]  There has been intense controversy surrounding this bankruptcy and at times it has attracted media attention in Brazil.  The Brazilian court appointed Gustavo Henrique Sauer de Arruda Pinto and Alfredo Lutz Kugelmas as Co-Trustees (the "Co-Trustees") for Transbrasil.

2.      As a significant shareholder, the Fontana Estate has standing to assert and defend the rights of Transbrasil.  This status is codified by Brazilian Bankruptcy Code Article 36 from Decree-Law No. 7,661/45 ("Decree-Law"), which provides that "…the bankrupt party has the rights of inspecting the estate administration, requesting conservatory measures of the assets

---

[1] *See* Declaration of Mrs. Denilda Fontana, attached as **Exhibit 1**.
[2] *See* Verified Petition for Recognition of Foreign Main Proceeding at 3, *In re Transbrasil S.A. Linhas Aereas*, No. 11-19484-AJC (Bankr. S.D. Fla. Apr. 7, 2011) (ECF No. 2) (hereinafter "Co-Trustees' Petition").

collected and entitled to the rights and interest, and may intervene as an assistant, in the procedures in which the estate is party or interested."[3]  The Fontana Estate's right to participate in this fashion has been specifically recognized in the Brazil case.[4]

3.      The Fontana Estate has challenged the involuntary bankruptcy filing because it was premised upon certain promissory notes which had been satisfied prior to the involuntary bankruptcy.  That issue is still pending before the courts in Brazil.

4.      The Co-Trustees were granted authority by the Brazilian court to recover only Transbrasil assets.  Further, the Co-Trustees were required to file quarterly reports and to otherwise provide the Court and the Transbrasil shareholders with regular updates, even when acting under seal in Brazil.

5.      On April 4, 2011, the Co-Trustees commenced this Chapter 15 case by filing the Co-Trustee's Petition. (Co-Trustees' Petition at ¶ 1).  The Co-Trustees represented to this Court that the Chapter 15 case was necessary "to seek records and other information relating to assets of Transbrasil or its subsidiaries or related companies that are or were transferred through the United States." (Co-Trustees' Petition at ¶ 6).

6.      On May 11, 2011, the Court recognized the Transbrasil proceeding as a "Foreign Main Proceeding" as defined in § 1502(4) of the United States Bankruptcy Code ("Bankruptcy Code") (ECF No. 9).  However, from their motion, it appears the Co-Trustees did not inform this Court that the U.S. subsidiary of Transbrasil, specifically referenced in the Co-Trustees' Petition, had been administratively dissolved in 2002.[5]

---

[3] A certified translation of Article 36 is attached as **Exhibit 2**.  Decreto-Lei No. 7.661 art. 36, de 21 de Junho de 1945, Diario Oficial da Uniao [D.O.U.] de 31.7.1945 (Braz.), *translated by* Maria Vitoria Rosa da Salva.
[4] *See* Exhibit 1.
[5] *See* Florida Secretary of State Detail attached as **Exhibit 3**.  The Registered Agent resigned in 2003 and has not been replaced.  *See* Resignation from Florida Secretary of State filing attached as **Exhibit 3**.

7.      Although the Co-Trustees' Petition also sought "more information" regarding certain aircraft engines that may have at one time been in the possession of Delta Airlines at some location in the United States, the Co-Trustees have never alleged or substantiated that there is any Transbrasil property whatsoever located inside the United States.

8.      The record of the Chapter 15 proceeding is sealed in part, which conflicts with this Court's oft-stated policy of transparency and impairs the ability of the Fontana Estate to protect its equity interests and to exercise its rights under Brazilian Decree-Law Article 36 to monitor administration of the estate.[6]

9.      It appears the Co-Trustees are trying to use this Court to do what they cannot do in Brazil. They are extending their mandate to conduct a fishing expedition, searching for property of persons other than Transbrasil and sealing records to shield their activities from the parties interested in Transbrasil.

## **MEMORANDUM OF LAW**

### **A.     The Chapter 15 Case Should be Dismissed Because Transbrasil is Not a "Debtor" under 11 U.S.C. § 109(a)**

Section 109(a) of the Bankruptcy Code specifically states that "only a person that resides or has a domicile, a place of business or property in the United States, may be a debtor under this title."  The application of this requirement to Chapter 15 was confirmed as recently as December 11, 2013, by the U.S. Court of Appeals for the Second Circuit. *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, No. 13-612, 2013 U.S. App. LEXIS 24585, at *29 (2d Cir. Dec. 11, 2013).  The Co-Trustees have made no allegation or showing that Transbrasil resides or has a domicile, a place of business or property in the United States during the pendency of this Chapter 15 case, and therefore the Chapter 15 case should be dismissed.

---

[6] See **Exhibit 2**. Decreto-Lei No. 7.661 art. 36, de 21 de Junho de 1945, Diario Oficial da Uniao [D.O.U.] de 31.7.1945 (Braz.), *translated by* Maria Vitoria Rosa da Salva.

The Co-Trustees' "Verified Petition for Recognition of Foreign Proceeding" filed April 7, 2011, referred to a U.S. subsidiary of Transbrasil that was formed in Florida in 1981, Transbrasil Airlines, Inc. ("TAI"). (*See* Co-Trustees' Petition at 2). TAI was, however, administratively dissolved in 2002. *See* Ex. 2. This fact must have been known to the Co-Trustees but was not included in their petition. Thus, Transbrasil had no "business" in the United States in 2011 when the Chapter 15 case was filed.

The Co-Trustees' Petition also suggested it was seeking "more information" about two jet engines that allegedly went to Delta Airlines for maintenance. (Co-Trustees' Petition at ¶ 6). However, there is nothing in the public record of this proceeding that confirms that these engines exist, that they are in the United States or that they are the property of Transbrasil. In any event, the Co-Trustees should by now have determined the ownership and location of these engines, including through a deposition of Delta Airlines which is under seal. Accordingly, this Chapter 15 case must be dismissed because Transbrasil is not a "Debtor" under the Bankruptcy Code.

**B.     The Order to Seal Discovery is Contrary to the Established Public Policy of Open Judicial Proceedings**

The practical ability of Transbrasil to monitor the activities of the Co-Trustees in this Chapter 15 case is significantly diminished by the Court's Order to Seal. In addition, the public is deprived of access to what are supposed to be public proceedings. *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984) ("This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised").

This Court has articulated its strong belief in open proceedings.

> The most important element in the conduct of judicial proceedings in this Court and in the United States is that everything is done in the sunshine. There are certain rare instances when we throw over cloaks of secrecy and

> close files.  This is not one of them…I will not cast a cloak of secrecy over proceedings of this nature…in the absence of a serious threat such as the life of a person or some other serious meaningful reason, the Court will not go along with conducting proceedings in secret.

*Kapila v. Espiritu Santo Bank (In re Bankest Corp.),* Adv. No. 05-1113-BKC-AJC-A, Order dated January 29, 2007, (quoting *In re Bankest Corp.,* Case No. 04-10941-BKC-AJC, Transcript of Proceedings of May 2, 2006).

The presumption of open access to court records is codified in Bankruptcy Code § 107, and open access is expected unless there is a demonstrated need to "protect an entity with respect to a trade secret or confidential research, development, or commercial information; or protect a person with respect to scandalous or defamatory matter." 11 U.S.C. § 107(b).

The burden is on the party seeking to seal proceedings to show good cause for an exception to the rule that proceedings are open and public. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).  Where good cause is not shown for the initial issuance of the protective order, parties seeking to maintain the protective order must establish the need for continued protection (i.e. good cause). *Id.*

This Court has noted that a party moving to keep discovery proceedings confidential must show "compelling circumstances that would justify imposing a cloak of secrecy over a deposition in a judicial proceeding." *In re Bankest Capital Corp.*at *4.  There are no "compelling circumstances" to support secrecy and, weighing against secrecy is the need for and the right of Transbrasil to monitor the activities of the Co-Trustees.

The common law recognizes a right of public access to judicial records.  *Nixon v. Warner Comm'ncs, Inc.,* 435 U.S. 589, 597-98 (1978).  The existence of a public proceeding is also recognized by the Supreme Court as a component of "due process" of the law.  See *Levine v. United States,* 362, U.S. 610, 616 (1960).   The Court may exercise discretion in limited

circumstances to seal parts of a proceeding for specific reasons, supported by findings of fact that are sufficiently detailed to allow for meaningful appellate review.  *See United States v. Wragge*, 893 F.2d 1296, 1299 (11th Cir. 1990).   However, the order to seal in this case does not satisfy the standard for sealing proceedings to protect confidential information or to protect persons from scandalous or defamatory material.

"Confidential commercial information" has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982); *See also In re Global Vending, Inc.*, 04-23562-BKC-JKO, 2006 WL 1679732 (Bankr. S.D. Fla. May 16, 2006).

In this case, neither of the exceptions apply: Transbrasil is no longer an operating business with competitors, and there is no basis to conclude that the Co-Trustees' objective in requesting secrecy is to protect any person with respect to dissemination of scandalous or defamatory matter.

The Court should immediately unseal the entire record. As this Court stated in *Bankest*, "the policy of conducting open judicial proceedings far outweighs the purely strategic concerns of the movants." *Id.* at *3. To maintain the seal order in this proceeding, the Co-Trustees should be required to so show more than the fact that secrecy surrounding discovery provides them with some "strategic advantage."

WHEREFORE, the Court should grant this motion and dismiss this Chapter 15 case and order that all discovery pleadings to be unsealed and made part of the public record and grant such other and further relief to which Transbrasil may be entitled.

Dated:  December 30, 2013.

> Frank J. Schuchat, Esq.
> *Counsel to Transbrasil S.A. Linhas Aereas*
> Schuchat International Law Firm
> 3900 East Mexico Ave., Suite 300
> Denver, Colorado 80210
> Telephone: (720) 305-9897
> Direct Line: (303)523-3150
> Email: frank@schuchatlaw.com
>
>  */s/ Frank J. Schuchat*
> Frank J. Schuchat, Esq.
> Colorado Bar No.: 27857
>
> BAST AMRON LLP
> *Local Counsel to Transbrasil S.A. Linhas Aereas*
> SunTrust International Center
> One Southeast Third Ave., Suite 1440
> Miami, Florida 33131
> Telephone: 305.379.7904
> Facsimile: 305.379.7905
> E-mail:  jbast@bastamron.com
> E-mail:  medelboim@bastamron.com
>
> By: */s/ Jeffrey P. Bast*
>       Jeffrey P. Bast, Esq.
>       Florida Bar No. 996343
>       Morgan B. Edelboim, Esq.
>       Florida Bar No. 040955

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, and/or via U.S. Mail on this 30th day of December, 2013 as indicated upon the parties listed on the service list below.

By: /s/ *Jeffrey P. Bast*
Jeffrey P. Bast, Esq.

## SERVICE LIST

**VIA CM-ECF:**

- Jeffrey P. Bast    jbast@bastamron.com; jdepina@bastamron.com; jmiranda@bastamron.com; hgerson@bastamron.com; dtimpone@bastamron.com
- Rodrigo S Da Silva    rdasilva@astidavis.com
- Gregory S Grossman    ggrossman@astidavis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Peter A Tappert    ptappert@wdpalaw.com; service@wdpalaw.com; ctsanchez@wdpalaw.com

**VIA U.S. MAIL**

*[Please see attached matrix.]*

Label Matrix for local noticing
113C-1
Case 11-19484-AJC
Southern District of Florida
Miami
Mon Dec 30 14:48:12 EST 2013

Alfredo luis Kugelmas
c/o Rodrigo Da Silva
701 Brickell Ave 16th Fl
Miami, Fl 33131-2813

Gustavo Enrique Sauer de Aruda Pinto
c/o Rodrigo Da Silva
701 Brickell Ave  16th Floor
Miami, FL 33131-2813

Transbrasil S.A. Linhas Aereas
Attn: Gustavo Henrique auer de Arruda
Pinto, Praca da Liberdade, 130, 8,
cjs. 84/86, SP CEP 01503-010 Brasil
33056

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Gregory S Grossman Esq
1001 Brickell Bay Drive
9th Floor
Miami, FL 33131-4937

Jeffrey P. Bast Esq.
1 SE 3 Ave #1440
Miami, FL 33131-1714

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Marigrove, Inc., Cave Creek Holdings, Corp

(u)Miami

(u)Gustavo Henrique Sauer de Arruda Pinto, Pr

End of Label Matrix
Mailable recipients     6
Bypassed recipients     3
Total                   9

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

TRANSBRASIL S.A. LINHAS AÉREAS,
Debtor in Foreign Proceeding

Chapter 15
CASE NO.: 1119484AJC

## Declaration of Denilda Fontana

1.  I, Denilda P. Fontana, a citizen of Brazil and a resident of São Paulo, Brazil, am over eighteen years of age. I make this declaration based on personal knowledge and belief, for use in the proceeding in U.S. bankruptcy court in Miami that was initiated by the trustees of the estate of Transbrasil S.A. Linhas Aereas.

2.  I am the widow of Omar Fontana, the founder of Transbrasil S.A. Linhas Aereas. I am also the Trustee of the Omar Fontana Estate which has the majority voting shares of Transbrasil S.A. Linhas Aereas.

3.  The involuntary bankruptcy of Transbrasil was initiated in Brazil in 2002; however, the Omar Fontana Estate, of which I am the trustee, still controls and owns the majority of the voting shares.

4.  By and through Brazilian counsel, and in my role as Trustee of the Omar Fontana Estate, I have followed developments and participated in the bankruptcy process in Brazil, including challenging judicial orders allowing secrecy in the proceedings.

Declaration of Denilda Fontana

5. I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.


Executed on December 26, 2013.

By: *Denilda P. Fontana*

Denilda P. Fontana

# EXHIBIT 2

# MARIA VITÓRIA ROSA DA SILVA

### TRADUTORA PÚBLICA JURAMENTADA
### E INTÉRPRETE COMERCIAL
##### INGLÊS - PORTUGUÊS

## *TRADUÇÃO OFICIAL*

Rio de Janeiro: Av. Rio Branco, 45 - 16º andar - sala 1601 - Rio de Janeiro - RJ - 20090-003
Tel.: 55 21 2507-1938 – Fax: 55 21 2507-1282 – E-mail: rj@fidelity.com.br
Website: www.fidelity.com.br

Matr. JUCERJA Nº 208

C.P.F. Nº 628.510.477-87

TRADUÇÃO Nº I-3301/13          LIVRO Nº    17        FOLHAS Nº                    1

I, the undersigned, Sworn Translator and Commercial Interpreter in and for
this City and State of Rio de Janeiro, Federative Republic of Brazil, duly
appointed and commissioned by the Board of Trade of the State of Rio de
Janeiro and registered therewith under No.208, DO HEREBY CERTIFY
AND ATTEST that a document written in the Portuguese language was
submitted to me for translation into English:

Article 36. In addition to the rights specially conferred by this law, the
bankrupt party has the rights of inspecting the estate administration,
requesting conservatory measures of the assets collected and entitled to his
rights and interest, and may intervene, as an assistant, in the procedures in
which the estate is party or interested, and file the suitable appeals.
http://www.planalto.gov.br/ccivil_03/decreto-lei/Del7661impressao.htm

NOTHING FURTHER WAS CONTAINED IN THE DOCUMENT
SUBMITTED.
I verified it and certify to it.
The Sworn Public Translator.
Rio de Janeiro, December 19, 2013.

Reconheço por semelhança SEM valor econômico a(s) firma(s):
MARIA VITÓRIA ROSA DA SILVA(620049). Dou fé.
São Paulo-SP, 19 de Dez de 2013. Em Test° ___ da verdade.

MARCIO RESENDE DA SILVA
Código Seg: 49573950504311851495442545152
Valor Unitário: 4,25   Valor: 4,25
Selo(s): , AB247747

MARIA VITÓRIA ROSA DA SILVA
Tradutor Público

EXHIBIT 3

 

# FLORIDA DEPARTMENT OF STATE
# DIVISION OF CORPORATIONS

www.sunbiz.org

# Detail by Entity Name

Florida Profit Corporation

TRANSBRASIL AIRLINES, INC.

Filing Information

| | |
|---|---|
| **Document Number** | F48758 |
| **FEI/EIN Number** | 592137280 |
| **Date Filed** | 10/20/1981 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 10/04/2002 |
| **Event Effective Date** | NONE |

Principal Address

5757 BLUE LAGOON DR.
SUITE 400
MIAMI, FL 33126

Changed: 05/17/1994

Mailing Address

5757 BLUE LAGOON DR.
SUITE 400
MIAMI, FL 33126

Changed: 05/17/1994

Registered Agent Name & Address

C T CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

Officer/Director Detail

**Name & Address**

Title CPT

CIPRIANI, ANTONIO CELLSO
5757 BLUE LAGOON DR STE 400
MIAMI, FL

Title S

DANIEL, ROYAL
130 SKI HILL RD STE 210 PO BOX 567
BRECKENRIDGE, CO 80424

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 1999 | 03/31/1999 |
| 2000 | 04/14/2000 |
| 2001 | 03/08/2001 |

## Document Images

| | |
|---|---|
| 08/18/2003 -- Reg. Agent Resignation | View image in PDF format |
| 03/08/2001 -- ANNUAL REPORT | View image in PDF format |
| 04/14/2000 -- ANNUAL REPORT | View image in PDF format |
| 03/31/1999 -- ANNUAL REPORT | View image in PDF format |
| 05/20/1998 -- ANNUAL REPORT | View image in PDF format |
| 04/11/1997 -- ANNUAL REPORT | View image in PDF format |
| 04/08/1996 -- ANNUAL REPORT | View image in PDF format |
| 03/01/1995 -- ANNUAL REPORT | View image in PDF format |

# F48758

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP   ☐ WAIT   ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____   Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



600022170286

08/18/03--01051--002  **70.00

FILED
03 AUG 18 PM 2:55
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

RA Reo
(a  8/22/03

August 12, 2003

FILED
03 AUG 18 PM 2: 55
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

RE:    TRANSBRASIL AIRLINES, INC.            (FL. DOM.)
       FORTRESS HOMES AND COMMUNITIES OF
                    FLORIDA LLA            (FL. DOM.)

Secretary of State
Corporation Record Bureau
Division of Corporation
409 East Gaines Street
Tallahassee, FL 32399

Dear Sir:

We enclose resignation executed in duplicate by the agent for service of
process for the above corporations.  Also enclosed find   1    check in
the amount of $70.00   to cover the required filing fee.

Very truly yours,

C T CORPORATION SYSTEM

Theresa Alfieri
Senior Supervisor &
Assistant Secretary

TA/cdm
Enclosure



# RESIGNATION OF REGISTERED AGENT

Pursuant to the provisions of sections 607.0502(2), 617.0502(2), 607.1509, or 617.1509,

Florida Statutes, the undersigned, <u>C T CORPORATION SYSTEM</u>
(Name of registered agent)
TRANSBRASIL AIRLINES, INC.  F48758  (FL. DOM.)

hereby resigns as Registered Agent for _____
(Name of corporation)

A copy of this resignation was mailed to the above listed corporation at its last known address.

The agency is terminated and the office discontinued on the 31st day after the date on which this statement is filed.

_____
(Signature of resigning agent)

If signing on behalf of an entity:

<u>C T CORPORATION SYSTEM - Theresa Alfieri</u>
(Typed or Printed Name)

<u>ASSISTANT SECRETARY</u>
(Capacity)

**<u>Fee for filing this document:</u>**
$87.50 - Active corporation
$35.00 - Administratively dissolved corporation

**Make checks payable to Florida Department of State and mail to:**
***Division of Corporations***
**P.O. Box 6327**
**Tallahassee, FL  32314**

CR2E046(9/98)

FLgenericcorp - 03/19/02 C T System Online