UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                         Case No. 11-19484-AJC
                                                               Chapter 15
TRANSBRASIL S.A. LINHAS AÉREAS,

       Debtor in Foreign Proceeding.
_____/

## <u>MARIGROVE, INC., ET AL.'S MOTION FOR SANCTIONS</u>

Marigrove, Inc., Cave Creek Holdings, Corp., and Cel-Air Incorporated (collectively, the "Affected Parties"), through their undersigned counsel, hereby move this Court for the imposition of sanctions for the violation of an order of this Court by Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil"), and their counsel, and state the following in support of this Motion.

1.      Pending before this Court are three Motions filed by the Affected Parties: Motion to Dismiss Case combined with Motion to Quash Subpoena [ECF No. 40] and Motion to Unseal Court File [ECF No. 41]. Transbrasil filed its own Motion to Dismiss and Unseal [ECF No. 44]. The Court held a hearing on February 26, 2014 at which oral argument was held on the Motion to Dismiss and Motion to Unseal, and directed each party to submit a Proposed Order on the Motion to Unseal. At the conclusion of the hearing was the following colloquy and Order of the Court:

> MR. HAYNES: Your Honor, can we request also that while the Court is considering the motion to unseal, that we not have more motions or subpoenas filed under seal that we can't see, at least for that period of time? We just don't know what these folks are doing to try to get ahold of our financial information?

1

THE COURT: Mr. Grossman, response? Does that bother you, or is that something you can hold off on, or do you feel that you have to go forward with something?

MR. GROSSMAN: Your Honor, I'm not in a position to know exactly what's -- whether we have additional subpoenas. I understand Counsel's point to not sort of change the circumstances on the ground. If, in fact, we need to issue a subpoena that is unrelated to this part of it, I still -- while we may be looking at somebody else, not these folks or –

THE COURT: Then let's just make a decision that nothing will be done in that area without further order of Court. In other words, if you don't need to do anything, then it can remain still. On the other hand, if you feel the need to do something, then you need to file a motion, and give the parties an opportunity to be heard.

MR. GROSSMAN: That's fine, Your Honor.

Transcript of Proceedings, February 26, 2014, pp. 46-47, copy attached as Exhibit A.

2.      After the parties submitted their respective orders and while the matter remains pending before the Court, on March 26, 2014, a document was filed under seal [ECF No. 69], with no notice or service to the Affected Parties.  The Affected Parties are informed and believe that it is a motion for sanctions directed to and served on Redwood Capital Finance LLC ("Redwood") because on March 28, 2014, the Trustees filed a Notice of Filing Sealed Motion, stating that they had filed a Motion for Sanctions against Redwood Capital Finance, LLC (the "March 26 Motion") without filing a motion for leave in advance and giving "the parties an opportunity to be heard" as ordered by the Court. No copy of the March 26 Motion was provided to the undersigned, however, and the Affected Parties do not have access to that pleading in the Court's file.

3.      Redwood was served with a Subpoena Duces Tecum for Rule 2004 Examination dated November 26, 2013 (the "Subpoena"), that is the subject of the Affected Parties' Motion to Quash, pending before this Court.  As the Declaration of Marise Cipriani, filed by the Affected

Parties [ECF No. 68] establishes, the Subpoena seeks confidential commercial and financial information of the Affected Parties in Redwood's files that is completely unrelated to this case.

4.      The March 26 Motion is a clear violation of the Order of this Court entered from the bench on February 26, 2014 ("February 26 Order"), and is an improper attempt to coerce Redwood into producing the Affected Parties' confidential commercial and financial information despite the pendency of the Motion to Quash. It also violates Local Rule 7026-1(E)(2), providing that pending resolution of a motion for protective order the requested discovery shall be stayed.

5.      This Court has the inherent authority to "issue any order, process or judgment" to carry out the provisions of Title 11.  11 U.S.C. § 105(a).  This power includes the authority to impose sanctions, including an award of attorney's fees, if a party violates a court order or rule. *In re Evergreen Sec., Ltd*., 570 F.3d 1257, 1273 (11th Cir. 2009); *DeLauro v. Porto (In re Porto)*, 645 F.3d 1294, 1303 (11th Cir. 2011); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

6.      The Trustees' filing yet another pleading under seal and now seeking sanctions against Redwood in an obvious attempt to bully Redwood into producing the documents that are the subject of the pending Motion to Quash is a blatant violation of this Court's February 26 Order: "*that nothing will be done in that area without further order of Court*."  (Emphasis added.)  The Court further ordered that "if you feel the need to do something, *then you need to file a motion*, and give the parties an opportunity to be heard."  (Emphasis added.)  But instead of filing a motion for leave and giving the parties an opportunity to be heard on whether there are grounds for the Trustees to file yet another pleading under seal (and what on its face is likely a groundless and frivolous motion in violation of F.R.B.P. 9011), the Trustees ignored the February 26 Order and filed the March 26 Motion without this Court's permission and without

giving any party an opportunity to be heard. Not only did the Trustees not give "the parties an opportunity to be heard", they intentionally frustrated their opportunity to be heard by filing under seal.  The "Notice" sent by the Trustees states no grounds whatsoever supporting the filing of the March 26 Motion, claiming, incredibly, that whatever grounds they assert support their filing have also been filed under seal, where the Affected Parties cannot see or respond to them.

7.      The Trustees and their counsel should be sanctioned for their blatant and deliberate violation of this Court's February 26 Order, including but not limited to the following: 1) an order denying the March 26 Motion as improperly filed in violation of the February 26 Order and prohibiting it from being refiled; 2) an order that the Trustees and their counsel shall reimburse the attorneys fees and costs incurred by the Affected Parties, Redwood and any other party responding to the March 26 Motion, liability to be joint and several; 3) an order prohibiting the Trustees from filing more motions or pleadings or serving any more subpoenas that relate to the financial or business affairs of the Affected Parties without first filing a motion for leave to do so with this Court setting forth specific facts showing that the Trustees would be prejudiced by delaying their actions until after this Court decides the Motions pending before it; and 4) such other sanctions as the Court deems appropriate in the circumstances.

8.      These sanctions would restore the parties to the positions they were in when the Court entered the February 26 Order that the Trustees violated.  These sanctions would also appropriately punish the Trustees' behavior and deter future violations.  These sanctions are entirely within the authority conferred on this Court by § 105(a).

9.      Pursuant to Local Rule 9073-1(D), the undersigned has contacted the Trustees prior to filing this motion to attempt to resolve the matter without hearing, and the Trustees have refused to withdraw the March 26 Motion.

WHEREFORE, the Affected Parties respectfully request the Court grant the following relief:

A.  Deny the March 26 Motion as improperly filed in violation of the February 26 Order;

B.  Order that the Trustees and their counsel shall reimburse the attorneys fees and costs incurred by the Affected Parties, Redwood and any other party responding to the March 26 Motion, including prosecuting this Motion, liability to be joint and several, requesting parties to file their applications within 20 days of the Court's Order;

C.  Prohibit the Trustees from filing more motions or pleadings or serving any more subpoenas that relate to the financial or business affairs of the Affected Parties without first filing a motion for leave to do so with this Court in the publicly available file setting forth specific facts showing that the Trustees would be prejudiced by delaying their actions until after this Court rules on the Motions pending before it; and

D.  Such other relief and sanctions as the Court deems appropriate in the circumstances.

     *I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

<div style="margin-left: 40%;">

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:    /s/ Peter A. Tappert
         Brian S. Dervishi
         Peter A. Tappert
Fla. Bar Nos. 350303 and 27100
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4077 (Facsimile)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com

</div>

     *I hereby certify that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders dated December 31, 2013.*

<div style="margin-left: 40%;">

IRELAND STAPLETON PRYOR & PASCOE, PC

Mark E. Haynes
Colorado State Bar No. 12312
Steven C. Bachar
Colorado State Bar No. 31861
James R. Silvestro
Colorado State Bar No. 43982
717 17th Street, Suite 2800
Denver, CO 80202
303-623-2700 (Telephone)
303-623-2062 (Facsimile)
mhaynes@irelandstapleton.com
sbachar@irelandstapleton.com
jsilvestro@irelandstapleton.com

Attorneys for Marigrove, Inc., Cave Creek
Holdings, Corp., and Cel-Air Incorporated

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2014, a true and correct copy of the foregoing was served by CM/ECF on the parties named on the service list below.

<div align="center">

/s/ Peter A. Tappert
Peter A. Tappert

</div>

## SERVICE LIST:

Edward H. Davis, Jr., Esq.
Gregory S. Grossman, Esq.
Rodrigo S. Da Silva, Esq.
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
edavis@astidavis.com
ggrossman@astidavis.com
rdasilva@astidavis.com

Jeffrey P. Bast, Esq.
Morgan B. Edelboim, Esq.
Bast Amron LLP
SunTrust International Center
One Southeast Third Ave., Suite 1440
Miami, Florida 33131
jbast@bastamron.com
medelboim@bastamron.com