UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

TRANSBRASIL S.A. LINHAS AÉREAS                    Chapter 15
                                                  Case No. 11-19484-AJC
    Debtor in a Foreign Proceeding.

_____/

### TRUSTEE'S RESPONSE TO MOTION FOR SANCTIONS

    Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil"), through their undersigned counsel, respond to the Motion for Sanctions filed by Marigrove, Inc., Cave Creek Holdings, Corp., and Cel-Air Incorporated ("Movants") (DE77) and state:

### This Court's Oral Directive Pertained to
### New Discovery Motions and Subpoenas Not Violations of Prior Court Orders

    1.    The portion of the transcript cited by Movants does not support the notion that the Trustees were not permitted to file motions under seal (which is the current standing order of the court in this case) at all. Instead, the portion deals with the issuance of new discovery subpoena or motions under seal that relate to information of the movant (the reference to "that area" by the Court). As such, no new discovery has been sought by Trustees seeking information of or from the Movants.

    2.    It is not disputed that at the hearing, Trustees specifically referenced the need to file a motion addressing Redwood Capital's violation of this Court's order. **See Transcript February 26, 2014, pp. 19.** Movants understood and acknowledged that Redwood Capital's

Case No. 11-19484-AJC

violation must be dealt with separately. Id. at 28 ("they [Redwood Capital] will deal with their own issues").

3. Movants' position leads to a tautology. Redwood Capital admittedly violated this Court's Order requiring the sealing of discovery and prohibiting them from disclosing the existence of the subpoena. Redwood Capital claims that its violation of this Court's order was inadvertent but also that it was duti-bound under California law to violate this Court's order. Movants now claim that seeking sanctions against Redwood Capital for violation of this Court's order cannot be done under seal without giving them the opportunity to oppose the sealing of such motion.

4. Moreover, the current motion argues that the Trustees' motion for sanctions against Redwood Capital is intended to obtain the discovery from Redwood Capital but simultaneously says that they do not have the motion for sanctions. In fact, the motion for sanctions against Redwood Capital does not ask this Court to compel Redwood Capital to produce the documents that are the subject of the pending motions to quash. Accordingly, the motion does not run afoul of (a) Movants' perceived notions that Trustees are doing an end-run to obtain the documents or (b) the local rule regarding the stay of discovery pending resolution of motions for protective order.

5. Further, the Movants' reference to consultation with the undersigned prior to filing this motion is less than candid. Movants asked for the motion for sanctions against Redwood Capital to be withdrawn. The undersigned advised that the Trustees would not withdraw the motion but asked if Movants had a copy of the motion for sanctions against Redwood Capital because the Trustees might be willing to provide a copy of that motion to

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Case No. 11-19484-AJC

movants' counsel.[1]  Movants simply said that even if they had a copy of the motion for sanctions against Redwood Capital it would not solve the issue.  Obviously, Movants were not really interested in finding a resolution to the concerns they expressed (that their information would be produced without their knowledge, that the information if produced would not be protected from disclosure, and the like) but were really just interested in filing this motion probably in order to diffuse their own participation in Redwood Capital's violation of this Court's order.[2]

6.      In order to move past Movants' gamesmanship, Trustees attach the motion for sanctions against Redwood Capital as **Exhibit A**.

WHEREFORE, Trustees respond to the Motion, request the Motion be denied, and request such other and further relief as is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants.  Service via regular US mail and e-mail to the following who are not on the list to receive e-mail notice/service for this case was sent on April 3, 2014:

*Attorneys for Movants*
Steven C Bachar; SBachar@irelandstapleton.com

Mark E Hayes; MHaynes@irelandstapleton.com

James Silvestro; jsilvestro@irelandstapleton.com

Frank Schuchat
3900 East Mexico Ave #300
Denver, CO 80210

---

[1]      There is similarly no prohibition against Redwood Capital providing a copy of the motion for sanctions against them to the Movants.

[2]      One hour after the undersigned advised that the motion would not be withdrawn but suggested that a copy of the motion for sanctions against Redwood Capital might be provided to Movants, the instant motion was filed by Movants.

Case No. 11-19484-AJC

*Attorneys for Redwood Capital Finance, LLC*

| | |
|---|---|
| Monica L. Irel | William L. Marchant |
| 10700 N. Kendall Drive, Suite 303 | One Market Plaza, Spear Tower, 24th Floor |
| Miami, Florida 33176 | San Fancisco, California 94105 |
| E-mail: mirel@mckennalong.com | E-mail: wmarchant@mckennalong.com |

                          Respectfully submitted,
                          *Attorneys for Plaintiff:*
                          ASTIGARRAGA DAVIS
                          MULLINS GROSSMAN, P.A.
                          1001 Brickell Bay Drive, 9th Floor
                          Miami, Florida 33131
                          Phone: (305) 372-8282
                          Facsimile: (305) 372-8202

By:   /s/ Nyana A. Miller
        Gregory S. Grossman
        Fla. Bar No. 896667
        ggrossman@astidavis.com
        Edward H. Davis, Jr.
        Fla. Bar No. 704539
        edavis@astidavis.com
        Nyana A. Miller
        Fla. Bar No. 092903
        nmiller@astidavis.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    Chapter 15
                                                                                          Case No. 11-19484-AJC
Transbrasil S.A. Linhas Aéreas,

Debtor in a Foreign Proceeding
_____/

### TRUSTEES' SEALED MOTION FOR SANCTIONS AGAINST REDWOOD CAPITAL FINANCE, LLC

Pursuant to 18 U.S.C. § 401(3), Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil"), through their undersigned counsel, hereby move that this Court impose sanctions against Redwood Capital Finance, LLC ("Redwood Capital") for its disobedience of the order issued by this Court on August 29, 2013 (the "Order") requiring Redwood Capital as a subpoenaed non-party to maintain the "confidentiality of the fact and content of the Trustees' discovery efforts". DE 33:2, ¶4.

The Order protects the integrity of the Trustees' investigation to recover some of the hundreds of millions of dollars in losses incurred by Transbrasil's creditors, including over three thousand unpaid former employees. As the Trustees work to mitigate the harm caused by the diversion of funds from Transbrasil, those responsible for the dissipation of Transbrasil's assets are certainly working just as quickly to frustrate the Trustees' efforts. Redwood Capital's violation has caused irreparable harm. Despite knowledge of the Order, which prohibited subpoena recipients from disclosing the fact and content of a subpoena with anyone except legal counsel, on or about December 6, 2013, an officer of Redwood Capital provided a copy of the Subpoena (defined below) to Marise Cipriani ("Ms. Cipriani"), as president of Marigrove, Inc.,

Cave Creek Holdings, Corp., and Cel-Air Incorporated (collectively "Discovery Targets"). DE40:1, fn. 1; DE68:1, ¶3. Redwood Capital acted in contempt of this Court's authority and should be sanctioned accordingly. In addition, Transbrasil has learned of the fact and content of the Subpoena. The notification of Transbrasil constitutes a second violation of the Order, but the Trustees are not aware who notified Transbrasil. Accordingly, the Trustees request that the Court authorize discovery for the purpose of determining the circumstances and scope of these violations of the Order.

## I.     FACTUAL BACKGROUND

### A. The Chapter 15 Proceeding and Issuance of the Order

1.     The Trustees petitioned this Court for recognition of the Brazilian bankruptcy proceeding involving Transbrasil as a foreign main proceeding pursuant to 11 U.S.C. § 1517 (the "Chapter 15 Petition"). This Court granted the Chapter 15 Petition by order dated May 10, 2011, which *inter alia* entrusts the Trustees "with the administration and realization of all or part of Transbrasil's assets within the territorial jurisdiction of the United States," and authorizes the Trustees to "examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Transbrasil without further order of this Court". DE9:3-4, ¶¶4, 9.

2.     In connection with the Trustees' investigation, the Trustees requested that this Court authorize the issuance of subpoenas under seal, seal certain documents filed by the Trustees in support of requests for discovery and require that recipients of subpoenas maintain the confidentiality of the fact and content of the same. Sealed DE 12. This Court granted that request for a period of 180 days and, upon application of the Trustees, has extended the seal in order to protect the highly sensitive investigation for assets in the United States. Sealed DE 14,

33. Specifically, the Order provided that "[t]he recipients of the subpoenas and related discovery documents shall maintain the confidentiality of the fact and content of the Trustees' discovery efforts, except as necessary for such persons to seek advice of counsel, who are to be similarly restrained." DE33:2, ¶4.

### B. The Subpoena

3. On November 26, 2013, the Trustees served a Subpoena Duces Tecum for Rule 2004 Examination on Redwood Capital (the "Subpoena"), in accordance with the authority and confidentiality provisions of the Order. The Subpoena was served together with a cover letter and a copy of the Order. The Subpoena contained the following important notice in bold text:

> **VERY IMPORTANT – TAKE NOTICE: Pursuant to the Court Order dated August 29, 2013 (a copy of which is attached hereto as Appendix "A") you, as the recipient of this subpoena, are restrained from disclosing the fact and contents of this subpoena, as well as your response to this subpoena, to anyone with the exception of your legal counsel, who is to be similarly restrained from disclosing any information regarding this subpoena, until further order of the Court. Failure to comply with the Court Order may result in contempt of court or other penalties.** (emphasis in original).

4. The cover letter that accompanied the Subpoena also highlighted the confidential nature of the Subpoena. The cover letter contained the following statement:

> Please be advised that pursuant to a **court order** from the Bankruptcy Court, this subpoena has been issued under seal. A copy of this court order is being submitted herewith. In accordance with the court

4
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

order, **you are not to communicate the receipt or contents of this letter or subpoena with anyone other than as necessary to seek legal advice from counsel, which counsel are to be similarly restrained.** (emphasis in original).

### C. Violations of the Order

5. Notwithstanding this clear message in plain English, an officer of Redwood Capital provided a copy of the Subpoena, including the cover letter, to the Discovery Targets. DE 40:1, fn. 1; DE68:1, ¶3. Redwood Capital did not notify just any officer of the Discovery Targets. Redwood Capital notified Ms. Cipriani, the wife of the former principal of Transbrasil, the man who stood at the helm of the company during the years when hundreds of millions of dollars went missing. Ms. Cipriani is also the daughter of Omar Fontana, the founder of Transbrasil, who ran the airline until he fell ill and his son-in-law took the reins in 1998. **See Exhibit A attached hereto.**

6. The Trustees are not aware of the identity of the individual who notified Ms. Cipriani, but according to Redwood Capital's website, the officers of the company are highly educated individuals, with advanced degrees from some of the most prestigious schools in the country. The Discovery Targets claim that the "officer, who is not a lawyer, was not aware of the restrictions of this Court's Order". DE 40:1, fn. 1. This position is unpersuasive, however, in light of the fact that the Order was attached to the Subpoena, explained in plain English in the cover letter, and reiterated in bold, underlined text in the Subpoena itself. Any individual with basic literacy skills, much less an individual holding an M.B.A. from a top university, would understand that there were confidentiality restrictions in the Order.

7. Inconsistently, the Discovery Targets argue that the officer – characterized as a non-lawyer who was not aware of the restrictions – was following California law. DE 40:1, fn.

1. This fallacious argument is addressed in the Trustees' Response filed on February 20, 2014. DE62:31, ¶ 63-64 (*citing Valley Bank of Nevada v. Superior Ct.*, 542 P.2d 977 (Cal. 1975)). Regardless of the officer's understandings, Redwood Capital knew of the Order and violated it.

## II.  MEMORANDUM OF LAW

8. A court has the authority to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(3).  Criminal contempt is an appropriate means to punish a person who has violated a court order not to disclose information or to discuss a matter. *See U.S. v. Hill*, 420 Fed. Appx. 407 (11th Cir. 2011) (affirming contempt conviction for statements in an interview that exceeded what was permitted by a "gag" order); *U.S. v. Cutler*, 58 F.3d 825, 832-833 (2nd Cir. 1995) (affirming contempt conviction of lawyer who spoke to the press in violation of "gag" order).

9. A conviction of contempt under 18 U.S.C. § 401(3) requires that the moving party prove: "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and, (3) the violation was willful." *U.S. v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989) (citations omitted). All three elements are satisfied in this case, where the Order was lawfully issued and reasonably specific, Redwood Capital knew of the Order and Redwood Capital willfully violated the Order, with no valid excuse. Here, the Order clearly prohibits recipients of subpoenas from disclosing "the fact and content of the Trustees' discovery efforts" and sharing the Subpoena with Ms. Cipriani constitutes a blatant violation of that Order.

10. Moreover, the collateral bar doctrine prevents a party from challenging the validity of a court order after violating that order without first making any good faith effort to obtain relief from the order. *U.S. v. Cutler*, 58 F.3d 825, 832-833 (2nd Cir. 1995) (denying

contemnor's attempt to argue that the order was transparently invalid because he made no effort to challenge the order prior to violating it and no compelling circumstances justified such a decision). If Redwood Capital did not agree with the Order, it could have sought to vacate or modify the Order in this Court, sought a writ of mandamus or declaratory relief, or sought guidance from this Court. Redwood Capital's complete disregard for the authority of this Court has substantially interfered with the Trustees' investigative efforts and did not give the Trustees an opportunity to defend the Order prior to its violation. Redwood Capital is barred from challenging its validity in contempt proceedings because no compelling circumstances justified its unilateral decision to violate the Order.

11. The intent element is established by the fact that Redwood Capital had the Order in its possession, knew of its restrictions because it was stated in plain English in three different documents, and nevertheless took affirmative and deliberate steps to provide the Subpoena to Ms. Cipriani, in violation of the Order. The act of contacting the Ms. Cipriani and sending her a copy of the Subpoena was not an accident. It was either a knowing violation of the Order or a reckless disregard of the Order. "[B]ehavior amounting to a reckless disregard for the administration of justice is sufficient to support a conviction when violative of a reasonably specific court order." *U.S. v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989) (affirming a finding of contempt for lawyer who had a scheduling conflict and failed to appear for first day of trial notwithstanding judge's order to be present and ready to proceed at 9 am on such date).

12. It was certainly reckless, if not more culpable, for the Redwood Capital officer to disregard the Order and forward the Subpoena to Ms. Cipriani. The officer's "motive for disobeying the court is irrelevant as far as a finding of intent is concerned, rather it is the knowing failure to obey the court that forms the requisite intent." *U.S. v. Baldwin*, 770 F. 2d 1550, 1558 (11th Cir. 1985) (finding criminal contempt and a monetary fine appropriate

punishment for lawyer who defied court order to appear for trial on a religious holiday). The Discovery Targets' and Redwood Capital's attempt to invoke the right to privacy under the California Constitution as an excuse for the officer's conduct is post-hoc and also unpersuasive. California's Supreme Court acknowledges that the right to privacy afforded by the state constitution yields to a court order. *Valley Bank of Nevada v. Superior Ct.*, 542 P.2d 977 (Cal. 1975); *see* DE 62:31, ¶ 63-64. Redwood Capital's one post-hoc excuse for violation of a court's order is insufficient. *See U.S. v. Dickstein*, 436 Fed. Appx. 980 (11th Cir. 2011) (affirming contempt conviction and deferring to the District Court's opinion that contemnor's "subsequently offered reasons" for violating an order to be "mere after thought" and "pretextual").

13.    Redwood Capital also argues its officer acted in accordance with a company policy when he notified Ms. Cipriani. Obviously, any such policy does not alter his intent to violate the Order. Lay persons with no legal training should not be permitted or instructed to interpret court orders or to act on their own understanding of the law without the assistance of counsel. Moreover, failure to carefully review a court order does not excuse its violation. *See U.S. v. Hill*, 420 Fed. Appx. 407 (11th Cir. 2011) (finding that it was reckless for lawyer and his client to task non-lawyer public relations consultant with explaining "gag" order to a member of the press prior to interview and then to participate in interview without carefully studying the order or bringing a copy of order to the interview).

### III.    CONCLUSION

14.    For the foregoing reasons, the Court should order further discovery regarding the circumstances surrounding the violation of the Order and the Court should require Redwood Capital to pay all reasonable attorneys' fees and costs incurred by the Trustees and their counsel

related to Redwood Capital's violation of the Order, including the work done to respond to the motions brought by the Discovery Targets and Transbrasil (DE 40, 41 and 44) as a result of their receipt of the Subpoena and the work required to bring the instant motion.[1]

                Respectfully submitted,

                  ASTIGARRAGA DAVIS
                  MULLINS GROSSMAN, P.A.
                  1001 Brickell Bay Drive, 9th Floor
                  Miami, Florida 33131
                  Phone: (305) 372-8282
                  Facsimile: (305) 372-8202

By: /s/ Nyana Abreu Miller
Nyana Abreu Miller
nmiller@astidavis.com
Fla. Bar No. 092903
Edward H. Davis, Jr.
Fla. Bar No. 704539
edavis@astidavis.com
    Gregory S. Grossman
    Fla. Bar No. 896667
    ggrossman@astidavis.com
    Rodrigo S. Da Silva
    Fla. Bar No. 088600

---

[1] The Trustees expressly reserve the right to pursue any legal claims for damages resulting from Redwood Capital's violation of the Order.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 26, 2014 a true and correct copy of the foregoing was served via electronic mail and U.S. mail to counsel of record on the attached service list.

_____
Nyana Abreu Miller

## SERVICE LIST

*Attorneys for Redwood Capital Finance, LLC*

Monica L. Irel
10700 N. Kendall Drive, Suite 303
Miami, Florida 33176
E-mail: mirel@mckennalong.com

William L. Marchant
One Market Plaza, Spear Tower, 24th Floor
San Fancisco, California 94105
E-mail: wmarchant@mckennalong.com

# Exhibit A

## Marise Cipriani Family Tree

**Omar Fontana**, (Deceased) Founder, majority shareholder and President of Transbrasil until 1998

**Denilda Fontana**, widow of Omar Fontana and mother of Marise Cipriani

**Marise Cipriani**

**Antonio Celso Cipriani**, President of Transbrasil as of the date of its voluntary insolvency in 2002