

**ORDERED in the Southern District of Florida on April 24, 2014.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| | Case No. 11-19484-BKC-AJC |
| TRANSBRASIL S.A. LINHAS AÉREAS, | |
|     Debtor in a Foreign Proceeding | |
| _____/ | |

**ORDER ON MOTIONS TO UNSEAL DISCOVERY PROCEEDINGS AND
MOTION TO QUASH SUBPOENA DUCES TECUM FOR RULE 2004 EXAMINATION**

THIS CAUSE came on for hearing on February 26, 2014 (the "Hearing") on (a) the Motion to Dismiss Case and Unseal Discovery Proceedings (DE44) filed by Transbrasil S.A. Linhas Aéreas ("Transbrasil"), (b) the Motion to Dismiss Case or in the Alternative to Quash Subpoena Duces Tecum for Rule 2004 Examination (DE40) filed by non-parties Marigrove, Inc., Cave Creek Holdings, Corp., and Cel-Air Incorporated (collectively "Discovery Targets"), and (c) the Motion to Unseal (DE41) filed by the Discovery Targets.

For the reasons stated at the Hearing, the request for dismissal of the case by Transbrasil

and the Discovery Targets is deferred and Transbrasil and/or the Discovery Targets may re-set that portion of their motions for further hearing at a later date. Upon review of the motions and the entire record in this matter, including the proposed orders requested by the Court at the conclusion of the Hearing, and upon consideration of the argument of counsel at the Hearing, the portion of the motions requesting the Court to unseal is granted in part and denied in part as follows.

The Court has reviewed the motions submitted by the Trustees under seal (DE12, DE15, DE18, DE22, DE26, DE32, and DE65, collectively, the "Sealed Motions"). The Sealed Motions describe work performed by the Trustees and their retained professionals in their confidential investigation, work the Trustees and their retained professionals still intend to do to advance the confidential investigation, and suspicions harbored by the Trustees as a result of information obtained through the confidential investigation. Accordingly, this work product of the Trustees and their retained professionals is confidential research and is subject to protection under 11 U.S.C. §107(b).[1] *See also* Fed. Rule Bankr. Proc. 9018.

The description in the Sealed Motions of the Trustees' confidential research was revealed for the purpose of enabling the Court to evaluate the Trustees' request to conduct discovery in a confidential manner. The Sealed Motions are not dispositive motions and therefore are not subject to the common law right of access. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *accord McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89 (11th Cir. 1989) ("an individual has no common law right to discovery material because those materials are not judicial records or public records"); *Romero v. Drummond Co.,*

---

[1] Transbrasil argued at the Hearing that section 107(b) is intended to protect only proprietary commercial information. This argument is belied by the plain language of the statute, which provides protection "with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. §107(b)(1).

*Inc.*, 480 F.3d 1234 (11th Cir. 2007) ("The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause."); *In re Estate of Martin Luther King, Jr. Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1365 (N.D. Ga. 2002) ("even where litigants file discovery materials with a court in connection with pretrial discovery motions, such as motions to compel, the supporting discovery documents are not subject to the common-law right of access").

The Trustees demonstrated good cause at the time for the issuance of the seal orders covering the Sealed Motions; and, unsealing the confidential information now would discourage candor to the Court. The Sealed Motions include work product regarding the progress of the investigation and if unsealed at this time could compromise the efforts of the Trustee to recover the undisputed hundreds of millions of dollars in losses incurred by Transbrasil's creditors, including over three thousand unpaid former employees.

The law supports continuing the seal on the Sealed Motions. The Trustees submitted through unrebutted sworn declaration that the former principals of the company have not cooperated with the Trustees' efforts to identify and liquidate assets of the estate, and have not complied with Brazilian bankruptcy law requirements that they turn over the Debtor's financial records to the Trustees. *See* Trustee's Declaration, DE62, Ex. A, ¶¶3-6. Though not dispositive, this conduct creates the impression that the former principals of the Debtor and their affiliates are working against the investigatory efforts of the Trustees, and unsealing information about those efforts could be used to further impede the investigation. Concerns about efforts to conceal assets or the dissipation of assets have been considered deserving of sealing orders, especially when, as here, there is a record of past dissipation of assets or other wrongdoing. *E.g. Fed. Trade Com'n v. USA Beverages, Inc.*, 2005 WL 3676636, at *2 (S.D. Fla. 2005) (granting *ex parte*

motion to seal file and docket because of risk of further dissipation of assets by defendants); *Commodity Futures Trading Com'n v. Bolze*, 2009 WL 605248, at *1 (E.D. Tenn. 2009) (granting *ex parte* motion to temporarily seal file to prevent defendant from hiding assets).

Moreover, it is undisputed that the court supervising the foreign main proceeding pending in the Brazilian bankruptcy has authorized the Trustees to conduct their investigation confidentially and under seal. *See* DE62, Ex. GS2.[2] The appellate court with jurisdiction in Brazil justified sealing the investigation because it was concerned that "the current communications' speed allows financial operations in a matter of minutes, and, as such, [the Trustee's] actuation, **here or abroad,** must not be disturbed by the obvious possibility of frustrating his initiative to localize [locate] the assets". *Id.* at 4 (emphasis added). This Court understood those concerns and extended comity to the seal ordered in Brazil. Thus, continuation of the seal as permitted under section 107(b) is consistent with the purposes of Chapter 15. *See* 11 U.S.C. §1501(a). The wholesale notion that allowing filings under seal as permitted under the Bankruptcy Code is "manifestly contrary to the public policy of the United States" under 11 U.S.C. §1506 is rejected.[3]

The Court was advised that Transbrasil and the Discovery Targets learned of the Sealed Motions and the confidential discovery efforts by the Trustees through disclosure by Redwood Capital Finance, LLC ("Redwood Capital"). Nothing herein is intended to or should be

---

[2] Though the Court was advised that this order is currently on appeal in Brazil, the present situation is that the investigation is currently under seal in Brazil.

[3] At the Hearing, the Discovery Targets relied upon *In re Vitro, S.A.B. de C.V.*, 473 B.R. 117 (N.D. Tex. 2012) and *In re Toft*, 453 B.R. 186, 189 (Bankr.S.D.N.Y.2011), but neither decision is persuasive in the present case. On appeal, the 5th Circuit emphasized that "§ 1506 was intended to be read narrowly" and declined to affirm the district court's decision on public policy grounds. *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1069 (5th Cir. 2012) cert. dismissed, 133 S. Ct. 1862 (U.S. 2013). *In re Toft* is distinguishable because the Trustees are not asking for a wire tap in a civil case.

construed to adjudicate any rights or remedies the Trustees may have regarding Redwood Capital's alleged conduct or any defense thereto. In light of this disclosure, however, the necessity of the continuation of confidential discovery related to Transbrasil and the Discovery Targets is impacted. Accordingly, going forward, the *Order Granting Trustees' Motion to Renew Order Permitting Issuance of Subpoenas and Filings Under Seal and Granting Related Relief*, dated February 21, 2014 (DE67), is modified such that any motions, papers, or pleadings filed with the Court after the date of this Order shall not be filed under seal absent a specific request for sealing prior to filing such motion, paper, or pleading.

Transbrasil and the Discovery Targets argue that they need to review the Sealed Motions, the Orders granting the Sealed Motions, and the other sealed materials currently on file to properly respond to Rule 2004 Examination requests. This argument is without merit. The scope of a Rule 2004 Examination and documents requested in connection with such examinations is set forth in F.R.B.P. 2004. Not knowing the extent of the Trustees' current work product or investigatory efforts does not prevent Transbrasil and the Discovery Targets from responding to discovery or seeking relief from such discovery. Thus, all of the motions and papers that are currently under seal shall remain under seal under the terms, conditions, and timeframes currently existing. However, going forward from the date of this Order, motions, papers, or pleading shall not be filed under seal absent a specific request for sealing prior to filing such motion, paper, or pleading.

Turning to the Motion to Quash, it is denied in part and deferred in part as set forth herein. It is undisputed that on November 26, 2013, the Trustees issued a Subpoena Duces Tecum for Rule 2004 Examination ("Subpoena") on Redwood Capital. The Subpoena requested documents relating to (a) accounts of the third parties that the Trustees were authorized by the

5

19th Civil Court of São Paulo, Brazil to investigate and (b) a mortgage for which Cave Creek Holdings Corp. and Cel-Air Incorporated served as guarantors (the "Financial Information"). The Financial Information is not confidential commercial information. "A bank customer has no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents. These records are not confidential communications but instruments of commercial transactions." *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569 (D. Md. 1980) (citing *United States v. Miller*, 428 U.S. 435, 442 (1975).

State law rights of privacy, even where enshrined in a state constitution, must yield to a federal subpoena. Federal law governs this dispute and does not recognize any an inalienable right of privacy. *See In re Yassai*, 225 B.R. 478, 482 (Bankr. C.D. Calif. 1998). Even if the state constitutional rights applied to this case, a bank customer's information is not "wholly privileged and insulated from scrutiny by civil litigants." *Valley Bank of Nevada v. Superior Ct*., 542 P.2d 977, 980 (Cal. 1975). Contrary to the argument raised by the Discovery Targets at the Hearing, the Subpoena does not require Redwood Capital to violate California state law because the California Supreme Court recognizes that a bank must treat customer information confidentially "unless compelled by court order." *Id.* at 979.

The Discovery Targets have raised concerns about the sensitivity of the Financial Information and potential disclosure of same.[4] Accordingly, to advance the review of the responsive documents but to allay the concerns of the Discovery Targets at this stage, the Court directs the parties to comply with the following procedures for production:

    a. Redwood Capital shall produce the documents responsive to the Subpoena to

---

[4] Since the Subpoena is to Redwood Capital it does not appear that any privilege materials are at issue (because Redwood Capital is a third party holding the information) and no privilege argument was raised by the Discovery Targets.

counsel for the Discovery Targets within fourteen (14) days of the date of this Order;

b. Counsel for the Discovery Targets shall identify those documents or portions thereof that they consider sensitive Financial Information ("<u>Alleged Sensitive Documents</u>");

c. On or before fourteen (14) days after receipt of the documents from Redwood Capital, counsel for the Discovery Targets shall produce or allow Redwood Capital to produce those documents not identified as Alleged Sensitive Documents to the Trustees;

d. On or before fourteen (14) days after receipt of the documents from Redwood Capital, counsel for the Discovery Targets shall produce or allow Redwood Capital to produce copies of the Alleged Sensitive Documents to the Trustees' U.S. counsel ("<u>Astigarraga Davis</u>") for review by the Court, court personnel, the Trustees, and the Trustees' retained professionals in a manner that allows copies of such Alleged Sensitive Documents to be reviewed on a secure website that permits viewing but not printing or downloading and shall not be filed or used outside of this District without further order of this Court or by agreement between the parties;

e. The Trustees and the Discovery Targets, shall meet and confer regarding the Alleged Sensitive Documents and bring before the Court any dispute regarding whether any such document should be produced outside of the terms and conditions of this Order;

f. This Court retains full authority to order production of any of the Alleged

Sensitive Documents, removal of any of the Alleged Sensitive Documents from the secure website, or to modify the terms of this Order;

g. In the absence of a further court order, upon the closing of the Chapter 15 case, the secure website shall be discontinued.

**IT IS SO ORDERED**.

###

Submitted by and copies furnished to:

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
*Attorneys for the Trustee*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
ggrossman@astidavis.com

Gregory S. Grossman is directed to mail a copy of this Order as indicated in the Order and file a certificate of service immediately thereafter.