UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Chapter 15
 Case No. 11-19484-AJC

Transbrasil S.A. Linhas Aéreas,

Debtor in a Foreign Proceeding
_____/

**TRUSTEES' MOTION FOR SANCTIONS AND CONTEMPT UPON MARIGROVE, INC., CAVE CREEK HOLDINGS, CORP., AND CEL-AIR INCORPORATED**

Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil"), move under Federal Rule of Bankruptcy Procedure 9016 as it incorporates Federal Rule of Civil Procedure 45(g), for the Court to hold Marigrove, Inc., Cave Creek Holdings, Corp., and Cel-Air Incorporated (the "Affected Parties") in contempt and impose sanctions for their disobedience of the orders issued by this Court on April 24, 2014 [ECF 95] and August 14, 2015 [ECF 205] (the "Orders") requiring production of certain documents in accordance with the procedures set forth in the April 2014 Order. In support of this Motion, the Trustees state as follows:

**I.    FACTUAL BACKGROUND**

1. This case (the "Chapter 15 Case") is an ancillary proceeding filed under Chapter 15 of the U.S. Bankruptcy Code for the purpose of rendering assistance to the insolvency proceedings pending in the 19th Civil Court of São Paulo, Brazil (the "Sao Paulo Court"). The Trustees have used the tools available in the Chapter 15 Case to take discovery.

2. Among other things, the Trustees are tracing certain assets of Transbrasil diverted from the company for the personal benefit of other entities and certain individuals. Because of

the sensitive nature of this investigation, this Court authorized the issuance of subpoenas under seal and the filing under seal of certain documents filed by the Trustees in support of requests for discovery. *See* ECF 13, 14, 16, 17, 19, 20, 23, 24, 27, 29, 30, 33, 34, 66, and 67 (sealed).

3. The Trustees obtained information that certain other entities, including Cave Creek Holdings Corp., Energy Ventures Limited, Trilogy Holdings Limited and Cel-Air Incorporated may have property belonging to or traceable from the bankruptcy estate. The Trustees petitioned the São Paulo Court, under seal, for authorization to investigate the affairs of these offshore entities, but that petition was denied. On appeal, the 9th Private Law Bench of the Court of Justice of the State of São Paulo, on July 30, 2013, reversed the trial court's ruling and extended the investigation to these offshore entities. *See* ECF 62, Exhibit GS1.

4. On December 26, 2013, a Subpoena Duces Tecum for Rule 2004 Examination was issued to a bank, Redwood Capital Finance, LLC, (the "Redwood Subpoena") under seal and with explicit instructions that a court order restrained the bank from disclosing the fact and content of the Redwood Subpoena. Contrary to these instructions, Redwood sent a copy of the Redwood Subpoena to the Affected Parties' principal, Marise Cipriani. *See* ECF 68.

5. In response to the Redwood Subpoena, the Affected Parties filed a Motion to Dismiss Case or in the Alternative to Quash Subpoena Duces Tecum for Rule 2004 Examination as well as a Motion to Unseal. ECF 40, 41. On February 26, 2014, the Court held a hearing on these motions and on April 24, 2014, it issued the Order on Motions to Unseal Discovery Proceedings and Motion to Quash Subpoena Duces Tecum for Rule 2004 Examination (the "April 2014 Order"). ECF 95. The April 2014 Order granted the Motion to Unseal to the extent that any future filings would not be filed under seal, absent specific Court authorization and denied to the extent that all motions and papers previously filed under seal would not be unsealed. *Id.* at 5. Finally, the April 2014 Order denied in part and deferred in part the Motion

to Quash and set out specific procedures for the secure production of the requested documents. *Id.* at 6-8.

6. The Affected Parties appealed the April 2014 Order to the district court. On March 30, 2015, after the appeal was fully briefed, the district court entered an order effectively resolving all issues on appeal ("District Court Order", ECF 152). The District Court Order dismissed the portion of the appeal pertaining to the denial of the Motion to Quash the Redwood Subpoena as interlocutory and not meriting discretionary review and affirmed that portion of the appeal pertaining to the Motion to Unseal.

7. The Affected Parties then appealed to the Eleventh Circuit. ECF 154. The Affected Parties used the following several months to further delay compliance with the Subpoena. They requested a stay from this Court and from the district court. ECF 156. The Trustees demonstrated that the deadline for production of documents responsive to the Redwood Subpoena was thirty days after entry of the District Court Order and thus the Trustees filed a Motion to Compel the Affected Parties to Produce Documents. ECF 165.

8. The Court held hearings on the Motion to Compel on May 26, July 2 and August 13, 2015. At the hearing on May 26, 2015, Redwood Capital Finance, LLC represented that it had complied with the April 2014 Order and delivered the responsive documents to counsel for the Affected Parties. ECF 179. The Court reset the Motion to Compel for further hearings in July and August so as to provide the Affected Parties with sufficient time to seek expedited treatment of their motion for stay from the district court. Prior to the August 13, 2015 hearing, the Eleventh Circuit dismissed the portion of the appeal relating to the Motion to Quash and the district court denied the motion for stay pending appeal. ECF 198.

9. Nearly four months after the expiration of the previous production schedule, and after two appellate courts found that the Court's ruling on the Motion to Quash is a non-

appealable non-final order, the Court ordered the Affected Parties to file a notice indicating whether or not they intend to make production to the Trustees in accordance with the terms of the April 2014 Order. ECF 205. On August 27, 2015, the Affected Parties "respectfully express[ed] their intent not to comply with the terms of the April 24, 2014 Order[.]" September 10, 2015 was the production deadline set forth in the Court's Agreed Order Granting Motion to Compel and the Trustees have not received the Affected Parties' required production on or prior to that date. Regardless of their professed respect for the authority of the Court, the Affected Parties knew of the Orders, understood what they required and violated them nonetheless.

## II.   MEMORANDUM OF LAW

### A. Finding of Contempt

10.   "Contempt of court is the disregard of judicial authority." *Popular Bank of Florida v. Banco Popular de Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998), *citing* Charles A. Wright, Arthur R. Miller, Mary K. Kane, 11A Federal Practice and Procedure §2960 (1995). It is well established that a federal court has both inherent and statutory authority to enforce its decrees, orders and judgments by holding violators of those decrees, orders and judgments in contempt of court. *See, e.g., Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (federal courts have inherent authority to enforce their orders through civil contempt proceedings); *Walt Disney Company v. Video 47, Inc.*, 972 F.Supp. 595, 601-602 (S.D. Fla. 1996) (18 U.S.C. § 401 empowers a court to enforce its orders by holding a party in civil contempt). "[C]ivil contempt proceedings are useful methods for enforcing judicial orders." *Popular Bank*, 180 F.R.D. at 465 (*citing* 11A Federal Practice and Procedure, *supra*, at 374) (finding that noncompliance amounts to contempt even where it was based on good faith belief that the order was without effect).

11. "The absence of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (*citing United States v. United Mine Workers*, 330 U.S. 258, 303, 304 (1947); *Penfield Co. v. Securities & Exchange Commission*, 330 U.S. 585, 590 (1947); *Maggio v. Zeitz*, 333 U.S. 56, 68 (1948)). An order of civil contempt is a sanction designed to compel compliance with a court order, or to compensate a party who has been harmed by another party's noncompliance. *In re Spanish River Plaza Realty Company, Ltd.*, 155 B.R. 249, 253 (Bankr. S.D. Fla. 1993). "Parties' conduct that impair[s] [an opposing party's] ability to go to trial or threaten[s] to interfere with the rightful decision of the case supports an award of sanctions." *AT&T Wireless Services of California LLC v. City of Carlsbad*, 2002 WL 34396709 at *7 (S.D. Fla. 2002) (quotation omitted).

12. "To establish a prima facie case of civil contempt the petitioner must provide by clear and convincing evidence that the respondent violated a prior court order." *Commodity Futures Trading Comm. v. Commonwealth Fin. Group, Inc.*, 874 F. Supp. 1345, 1349 (S.D. Fla. 1994). The "evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

13. All three elements are satisfied in this case, where the Orders were valid and lawful, the Orders were clear and unambiguous and the Affected Parties have the ability to comply. The Affected Parties have acknowledged that the documents at issue are in their custody or control and they understand that they have been compelled to disclose those documents to the Trustees subject to the protections set forth in the April 2014 Order. They have

intentionally violated the Orders in order to "obtain appellate review of the [April 2014] Order." ECF 213.

14. "The focus of the court's inquiry in a civil contempt proceeding is not on the subjective beliefs or intent of the alleged party in contempt in failing to comply with the order, but rather, the court's inquiry is simply whether the party alleged to be in contempt complied with the order at issue or has provided sufficient evidence to convince the court that it cannot comply." *Rintin Corp. v. Domar, Ltd.*, 403 F. Supp. 2d 1201, 1204 (S.D. Fla. 2005). Here, there is no doubt that the Affected Parties can comply, but have chosen not to.

### B. Appropriate Sanctions for Contempt

15. If the alleged contemnor fails to carry its burden and "make a sufficient defense, the Court may grant whatever remedial relief is necessary to effect compliance with its decree." *Commodity Futures Trading, Inc.*, 847 F. Supp. at 1349. "The court has the power to impose coercive and compensatory sanctions" upon a finding of contempt. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d at 1304; *see also McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) ("District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt.").

16. The Court also has discretion to award attorneys' fees in a civil contempt case. *United States v. Far East Suppliers, Inc.*, 682 F. Supp. 1215, 1216 (S.D. Fla. 1988). "These fees and costs are limited to the efforts expended that were necessary to secure the contemptor's compliance with the court's order and to obtain compensation for damages done." *Id.* "The award of fees and costs is particularly appropriate where the contemptor willfully disregarded a court's order." *Id.*

17. Here, the Affected Parties have acknowledged on the record their intent to disregard the Orders. They may rationalize their contempt by their desire to obtain judicial

review of the April 2014 Order, but the interlocutory review of a discovery order does not come without a price. While they may feel no malice toward the Court and they may feel justified in their cause, they have willfully caused the Trustees to incur significant legal fees and costs by appealing a non-appealable non-final order, by requesting stays pending appeal, by causing the Trustees to file the Motion to Compel and the instant Motion and by further delaying the Trustees' investigation and compliance with their duties to the creditors of the Estate.

18. The record shows the Affected Parties are of substantial means and have obviously expended significant funds to date in resisting compliance. Accordingly, the mere ordering of payment of the Trustees' expenses is unlikely to spur compliance. In order to secure compliance, the Trustees request that each Affected Party be ordered to identify the name, address, and title of its principal or highest level employee in the United States and that the Court set another hearing to consider further coercive sanctions, at which hearing the Court may direct the US Marshal to seize the information that is the subject of the Orders and/or arrest each Affected Party's respective principal or highest level employee in the United States and detain that person until compliance is achieved. The Trustees request that the Court enter an Order containing provisions for the opportunity to purge such contempt if compliance is achieved.

### III.   CONCLUSION

WHEREFORE, the Trustees request that this Court enter an Order (1) finding that the obligations under the Orders are not ambiguous, the Affected Parties understand their obligations under the Orders, the Affected Parties have the ability to comply with the Orders, and the Affected Parties have affirmatively chosen not to comply with the Orders; (2) holding the Affected Parties in contempt for disregarding the Orders; (3) ordering the Affected Parties to pay all reasonable attorneys' fees and expenses incurred by the Trustees and their counsel for the

appeals relating to the Motion to Quash, the motions to stay discovery pending appeal, the Motion to Compel and the instant Motion; (4) permitting the Affected Parties to purge their contempt by making the required production within five days after the date of the Order; (5) requiring each Affected Party to identify the name, address, and title of its principal or highest level employee in the United States; (6) imposing further sanctions against the Affected Parties designed to coerce compliance with the Orders and providing an opportunity to purge contempt if compliance is achieved, (7) setting a further hearing to consider further coercive measures; and (8) granting such further relief as the Court deems just and proper.

Respectfully submitted,

ASTIGARRAGA DAVIS
MULLINS GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida  33131
Phone:  (305) 372-8282
Facsimile:  (305) 372-8202

By: */s/ Nyana Abreu Miller*
Edward H. Davis, Jr.
Fla. Bar No. 704539
*edavis@astidavis.com*
Gregory S. Grossman
Fla. Bar No. 896667
*ggrossman@astidavis.com*
Nyana Abreu Miller
Fla. Bar No. 092903
*nmiller@astidavis.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 14, 2015, a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via U.S. mail to the parties on the Service List below.

*/s/ Nyana Abreu Miller*
Nyana Abreu Miller

**SERVICE LIST**

Steven C. Bachar
Timothy M. Swanson
Elizabeth H. Getches
MOYE WHITE LLP
16 Market Square, 6th Floor
1400 16th St
Denver, CO 80202
steve.bachar@moyewhite.com
liza.getches@moyewhite.com
tim.swanson@moyewhite.com

00238445.DOCX