

ORDERED in the Southern District of Florida on October 14, 2015.

A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 11-19484-BKC-AJC
                                                          Chapter 15
TRANSBRASIL S.A. LINHAS AÉREAS,

    Debtor in Foreign Proceeding.
_____/

### ORDER OF CIVIL CONTEMPT AGAINST AFFECTED PARTIES
### FOR VIOLATION OF COURT ORDER

THIS MATTER came before the Court for hearing on October 1, 2015 (the "Hearing"), upon the Trustees' Motion for Sanctions and Contempt ("Contempt Motion", ECF 221) against Cave Creek Holdings, Corp., Cel-Air Incorporated, and Marigrove, Inc. (collectively, the "Affected Parties"), and upon the Affected Parties' (1) Response in Opposition to Trustees' Contempt Motion and (2) Motion to Reconsider and Vacate April 24, 2014 and August 14, 2015 Orders ("Motion to Reconsider", ECF 226 and 228).

### Factual Background

The Contempt Motion relates to a Subpoena Duces Tecum for Rule 2004 Examination which was issued by the Trustees to Redwood Capital Finance, LLC ("Redwood"), on

November 26, 2013.  On April 24, 2014, the Court ordered Redwood to deliver the responsive documents to counsel for the Affected Parties.  The Affected Parties were given an opportunity to review the documents before producing them to the Trustees under a specific procedure designed to ensure the secure viewing of any documents claimed to be sensitive.  ECF 95 ("April 2014 Order").  The Court incorporates by reference all of the findings and rulings contained in the April 2014 Order.

The Affected Parties appealed the April 2014 Order to the District Court.  On March 30, 2015, the District Court dismissed the portion of the appeal pertaining to the denial of the Motion to Quash the Redwood subpoena as interlocutory and not meriting discretionary review and the district court affirmed the other portion of the April 2014 Order.  ECF 152.  The Affected Parties then appealed to the Eleventh Circuit.  ECF 154.

On May 5, 2015, the Trustees' filed a Motion to Compel the Affected Parties to Produce Documents (the "Motion to Compel").  ECF 165.  Three separate hearings on the Motion to Compel were held on May 26, 2015, July 2, 2015, and August 13, 2015.  Prior to the August 13, 2015 hearing, the Eleventh Circuit dismissed as interlocutory the portion of the appeal relating to the Motion to Quash and the District Court thereafter denied the Affected Parties' motion for stay pending appeal.  ECF 198.

After the two appellate courts found that this Court's ruling on the Motion to Quash is a non-appealable non-final order, the Court entered the Agreed Order Granting Motion to Compel ("Order to Compel"), which, *inter alia,* ordered the Affected Parties to file a notice indicating whether or not they intend to make production to the Trustees in accordance with the terms of the April 2014 Order. ECF 205. On August 27, 2015, the Affected Parties filed a notice indicating they did not intend to comply with the terms of the April 24, 2014 Order.  ECF 213.

September 10, 2015 was the production deadline set forth in the Order to Compel and the

2

Affected Parties did not make any production to the Trustees on or prior to that date. At the Hearing, counsel for the Affected Parties confirmed that they knew of the April 2014 Order and the Order to Compel, understood what these Orders required and chose not to comply with these Orders.

At the Hearing, the Court denied the Motion to Reconsider and ordered the Affected Parties to make production to the Trustees in accordance with the terms of the April 2014 Order, or to make mutually agreeable arrangements for production of the subpoenaed documents by October 8, 2015. If no production or alternative arrangements were made by October 8, 2015, the Court stated it would hold the Affected Parties in contempt and impose sanctions designed to coerce compliance with the April 24, 2014 Order. No production or alternative arrangements were achieved.

## Legal Analysis

The Court has considered the Contempt Motion, the Motion to Reconsider, the argument of counsel at the Hearing, the fact that no production or alternate arrangement for production has occurred, and the record in this matter. Based upon the foregoing, the Affected Parties are in civil contempt. "To establish a prima facie case of civil contempt the petitioner must provide by clear and convincing evidence that the respondent violated a prior court order." *Commodity Futures Trading Comm. v. Commonwealth Fin. Group, Inc.*, 874 F. Supp. 1345, 1349 (S.D. Fla. 1994). The "evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

The Court disagrees with the Affected Parties' position that the April 2014 Order is in any way invalid or unlawful. The Affected Parties have not suggested and have not presented any evidence or argument that the April 2014 Order was in any way unclear or ambiguous. In

fact, Redwood's counsel represented to the Court that Redwood provided all responsive documents to the Affected Parties, in accordance with the April 2014 Order. However, the Affected Parties did not comply with the April 2014 Order and have not produced any documents pursuant to said order. Importantly, the Affected Parties have neither suggested nor presented evidence or argument that they are unable to comply with the April 2014 Order. Thus, the Affected Parties have the ability to comply with the provisions of the April 2014 Order requiring them to produce responsive documents to the Trustees.

Having entered a lawful, clear and unambiguous Order, it is this Court's duty to enforce that Order. Considering that the Affected Parties have failed to "make a sufficient defense, the Court may grant whatever remedial relief is necessary to effect compliance with its decree." *Commodity Futures Trading Comm.*, 874 F. Supp. at 1349. "The court has the power to impose coercive and compensatory sanctions" for contempt. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991); *see also McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) ("District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt."). A finding of contempt and appropriate sanctions are not a mere formality necessary for a party to secure appellate review of an unfavorable interlocutory discovery order. Such measures protect the underlying litigation from interruption after every interlocutory decision, prevent the unnecessary burdening of the appellate courts and provide "the contestants an opportunity for a useful 'second look'" before determining whether to resist disclosure. *Application of Am. Tobacco Co.*, 866 F.2d 552, 554 (2d Cir. 1989).

It is apparent to the Court that the Affected Parties are of substantial means and have been represented by multiple counsel (both local and those admitted specially) in connection with the Redwood subpoena. Moreover, counsel for the Affected Parties advised the Court at the Hearing that the Affected Parties have expended tremendous effort and expense related to this

4

matter. At the Hearing, counsel for the Affected Parties did not provide any evidence and did not make any argument that monetary sanctions would be likely to induce compliance with the April 2015 Order by the Affected Parties; accordingly, this Court determines that monetary sanctions are unlikely to achieve compliance from the Affected Parties.

Based upon the record before the Court, it is

ORDERED AND ADJUDGED that the Motion to Reconsider is DENIED, and the Contempt Motion is GRANTED as follows:

1. The Affected Parties are adjudged in civil contempt for their willful failure to comply with the specific and definite provisions of the April 24, 2014 Order which, *inter alia*, required the Affected Parties to produce documents responsive to the Redwood subpoena to the Trustees pursuant to procedures designed to ensure the secure viewing of any sensitive documents.

2. The highest officer or manager of each Affected Party found in the United States is ORDERED to be taken into custody and detained until such Affected Party produces the responsive documents in the manner provided by the April 24, 2014 Order or until this Court orders otherwise.

3. The Affected Parties may purge their contempt by making the required production at any time.

4. In the event that any Affected Party fails to have purged its respective contempt at or before 9:00 a.m. (Miami, Florida time) on October 28, 2015, this Court will conduct a further status conference on November 2, 2015 at 2:30 p.m. (Miami, Florida time) in Courtroom 7, C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave, Miami, Florida, 33128 to determine whether any Affected Party has purged its contempt and, if not, to consider further coercive measures.

###

Submitted by (as amended by the Court):

ASTIGARRAGA DAVIS
MULLINS GROSSMAN, P.A.
Attorneys for Foreign Representative
1001 Brickell Bay Drive, 9th Floor
Miami, Florida  33131
Phone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: nmiller@astidavis.com

Copies furnished to:
Nyana Abreu Miller
Nyana Abreu Miller is hereby directed to serve copies of this Order on all interested parties and to file a certificate of service.