

ORDERED in the Southern District of Florida on August 18, 2017.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

TRANSBRASIL S.A. LINHAS AÉREAS                    Chapter 15
                                                  Case No. 11-19484-AJC
    Debtor in a Foreign Proceeding.
_____/

### ORDER DENYING MOTION TO TERMINATE RECOGNITION

THIS CAUSE came on for hearing on June 21, 2017 (the "Hearing"), on the motion ("Motion") [DE422] of the trustee of the Estate of Omar Fontana (the "Fontana Estate" or "Movant") to terminate recognition of this foreign preceding under *the Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief* [DE9] (the "Recognition Order") and the response in opposition to the Motion filed by Gustavo Henrique Sauer de Arruda Pinto and Alfredo Luiz Kugelmas (the "Trustees"), as Trustees of Transbrasil S.A. Linhas Aéreas ("Transbrasil") [DE425].

The Court has considered the Motion, the Trustees' response, the record in this matter, and the argument of counsel at the Hearing. For the reasons set forth below, the Motion is DENIED.

1

## BACKGROUND

1.\. This case (the "Chapter 15 Case") is an ancillary proceeding filed before this Court under Chapter 15 of the U.S. Bankruptcy Code for the purpose of rendering assistance to the insolvency proceedings of Transbrasil pending in the 19th Civil Court of São Paulo, Brazil (together with appeals relating thereto, the "Brazilian Proceedings"). Recognition was sought and obtained to use the tools available under Chapter 15 of the Bankruptcy Code to, among other things, take discovery regarding assets that were diverted from Transbrasil.

2. The Fontana Estate is the majority shareholder of Transbrasil, a non-operating company in liquidation.

3. Using the discovery obtained through this Chapter 15 Case and other investigations, the Trustees recently filed a motion in the Brazilian Proceedings to pierce the corporate veil and apply the Brazilian law doctrine of substantive consolidation to various entities and individuals related to Transbrasil, including the Fontana Estate, Denilda Fontana, Antonio Celso Cipriani, Marise Cipriani, Emídio Cipriani, and three companies who have not appeared in this Chapter 15 Case.

4. On May 4, 2017, the Sao Paulo Tribunal of Justice issued a preliminary injunction (the "Preliminary Injunction"), effectively freezing assets of Denilda Fontana (the movant here), Marise Cipriani (Ms. Fontana's daughter and the principal of other companies that have been before this Court on a number of occasions) and several other family members and companies pending a decision on the Trustees' claim to pierce the corporate veil and substantively consolidate the assets of these individuals and companies into the estate of Transbrasil. No request has been made in this Court regarding the enforcement of the Preliminary Injunction, and it is described here only to provide context.

## ANALYSIS

5. The Fontana Estate argues that the original basis for granting recognition no longer exists and as such the Court should terminate recognition of the foreign proceeding. It asserts that property in the U.S. has either been recovered or is not recoverable. The Fontana Estate reasons that because the appeal relating to a specific subpoena has been resolved and documents required by that subpoena were produced to the Trustees, discovery is complete and thus the Trustees' primary goal in seeking recognition has been accomplished.

6. The Trustees assert that the grounds for recognition set forth in 11 U.S.C. § 1517 were present when recognition was sought and continue to exist today. The Trustees also claim that the Fontana Estate lacks any pecuniary interest and thus lacks standing to participate in these proceedings, pointing to a sworn declaration of the Trustee, at DE129:7, to establish that the Transbrasil Estate faces an "insurmountable shortfall" such that there is no reasonable expectation of a distribution to shareholders. DE425:6. While the Motion in a footnote claims "that a surplus may be possible[,]" the Fontana Estate provides no documentation or sworn statement to counter that submitted by the Trustees. DE422:5, n.5.

7. Finally, the Trustees explain that this Chapter 15 Case may yet be a useful vehicle for obtaining evidence in support of claims pending in Brazil to pierce the corporate veil of certain entities and for substantive consolidation of those entities in the Transbrasil Bankruptcy. At the Hearing, counsel for the Fontanta Estate commented that these claims are manifestly contrary to U.S. public policies because in the U.S. "mere transfers" cannot serve as the "sole basis for substantive consolidation or veil piercing" and in the U.S. these claims would be barred by the statute of limitations. Transcript, DE427:7. Finally, the Fontana Estate argues that the "mere possibility of future discovery, of future actions, is not a basis for recognition." Transcript,

DE427:9.

8.      The Court, consistent with its prior orders regarding the Fontana Estate's lack of standing, finds that the Fontana Estate lacks standing to seek termination of this Chapter 15 Case.

9.      Even if the Court were to reach the merits, the Court sees and was provided no reason why the Recognition Order was not proper when entered or why recognition should be terminated.  The Motion appears to be a response to the substantive consolidation proceedings and the Preliminary Injunction entered against the Fontana Estate and related persons.  The Preliminary Injunction was issued by a Brazilian court and any concerns about it should be raised in Brazil.

**Standing**

10.     Simply put, it is axiomatic that that a party who fails to establish standing cannot seek affirmative relief, as standing is a threshold issue.  The Fontana Estate contends that it has standing to assert and defend the rights of Transbrasil in this case. DE422:1-2,¶2. In support thereof, the Fontana Estate claims that this Court has recognized its standing in this Court's August 4, 2014 order limiting the discovery that the Fontana Estate may serve in this Chapter 15 Case (DE147, the "First Protective Order").  See DE422:2,¶2.  This is not the first time that the Fontana Estate takes this order out of context.

11.     Specifically, the Court has previously stated that the First Protective Order was taken out of context when the Fontana Estate claimed that it recognized the Fontana Estate's right to appear and take discovery in this Chapter 15 Case. DE386:5.  In fact, the genesis of the First Protective Order was when the Fontana Estate attempted to seek discovery from the Trustees as to the sale of certain aircraft parts and components located in the U.S.  See DE125; DE126.  The Trustees moved for a protective order arguing, *inter alia*, that the Fontana Estate lacked a pecuniary interest in the case. DE129.  As a result, this Court ordered that the Fontana Estate could

serve written and documentary discovery on the Trustees *only* in connection with the motion to dismiss. DE147.

12. In fact, this Court has twice held that in light of the substantial shortfall in Transbrasil's bankruptcy estate, the Fontana Estate lacks a pecuniary interest, such that it is not a "party in interest" within the meaning of Rule 2004. DE367; DE386.

13. A motion to terminate recognition of a foreign proceeding, unlike a motion to dismiss, does not address the Court's subject matter jurisdiction. Instead, the Motion seeks to have the Court exercise its discretion to grant the relief requested by the Fontana Estate. The Fontana Estate lacks standing to seek affirmative relief in this Chapter 15 Case because it has no pecuniary interest in the matter, except perhaps as targets of the Trustees' investigation.

14. The Fontana Estate has failed to make a prima facie showing that it has any pecuniary interest in the Transbrasil bankruptcy. Counsel for the Fontana Estate previously acknowledged on the record that it does not expect there to be any distribution to shareholders after the claims are paid in the Brazilian Proceedings. DE358:27. The Motion recants that statement on the basis that "the Trustees have yet to identify a single current Transbrasil creditor." DE422:5. While the Trustees have no duty to identify current Transbrasil creditors in these ancillary proceedings, the Trustees respond by pointing to a previous sworn declaration stating that Transbrasil had thousands of unpaid employees, many thousands of customers with pre-paid tickets that could not be used, and creditors with millions of dollars in unpaid claims. See DE62:37,¶6.

15. Moreover, the Trustees, in a sworn statement, recently estimated that the Transbrasil Estate's shortfall totals approximately US $292 million. DE129:7,¶4. While the exact dollar amount may fluctuate as various claims move through the Brazilian courts and as a result

of currency fluctuation, the Fontana Estate has failed to make a prima facie showing that the Transbrasil Estate does not face an insurmountable shortfall.

16. The Fontana Estate, claiming an interest in this Chapter 15 Case by virtue of its position as an equityholder, lacks standing to seek affirmative relief unless the Transbrasil Estate has a potential surplus after distribution to creditors. See, e.g., In re Runnels Broad. Sys., LLC, No. 7-02-14217 JR, 2009 WL 4611447, at *3 (Bankr. D.N.M. Dec. 1, 2009) ("courts uniformly find that a debtor lacks standing to object to a trustee's final report unless there is a surplus in the estate after distribution to creditors"); In re Ebel, 338 B.R. 862, 869 (Bankr.D.Colo.2005) (Chapter 7 debtor was not a party in interest and lacked standing to object to matters concerning the trustee's administration of the estate because the estate had no potential to generate any surplus for the debtor); In re Dutch Inn of Orlando, Ltd., 614 F.2d 506, 508 (5th Cir. 1980) (limited partners lacked standing to object to confirmation of the plan and sale of the debtor's assets because the debtor-partnership's total debts exceeded the value of its assets and, thus, there would be no surplus to distribute to them); In re Manshul Const. Corp., 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998) (shareholder of Chapter 7 debtor lacks standing to object to claims).

**Termination of the Recognition of the Transbrasil Bankruptcy Proceeding is Not Warranted**

17. In any event, the grounds for recognition, set forth in 11 U.S.C. § 1517, existed at the time recognition was granted and persist today. Once the grounds for recognition are established, recognition of a foreign proceeding is mandatory, subject only to a limited public policy exception. The grounds for recognition are: (1) there is a foreign proceeding; (2) there is a foreign representative; and (3) the petition for recognition meets the requirements of Section 1515. 11 U.S.C. § 1517(a). The Fontana Estate failed to show that the grounds for recognition were lacking or have ceased to exist.

18.     The Fontana Estate conflates the grounds for recognition with the Trustees' objectives and reasons for seeking recognition. The Trustees sought recognition to obtain discovery, and that discovery has supported additional claims in Brazil and in the future the Trustees may take additional action in the Chapter 15 Case as a result of those claims that was not anticipated at the time they filed the petition for recognition. Those facts do not speak to the grounds for recognition.

19.     Recognition is mandatory when the requirements set forth in 11 U.S.C. § 1517(a) are satisfied. The Court only has authority to consider terminating recognition if those grounds were fully or partially lacking or have ceased to exist.

20.     Termination of recognition is "an extraordinary equitable remedy" that rests within the discretion of the Court *only upon a showing* that the grounds for granting recognition were lacking or have ceased to exist:

> Section 1517(d) is unambiguous. . . . Section 1517(d) permits courts to modify or terminate recognition under certain conditions. The actual language dictates that the subchapter's provisions '***do not prevent*** modification or termination,' which indicates that, although revisiting a recognition determination is not mandatory, it is within the Court's discretion to do so.
>
> In re Loy, 448 B.R. at 438 (emphasis in original).

21.     The Fontana Estate attempts to cast doubt on the insolvency of Transbrasil by asserting that a surplus may be possible (see DE422:5,n.5), and alleging that a challenge to the involuntary bankruptcy filing is still pending before the courts in Brazil. Id.:2,¶3. However, these allegations are unsupported by the record. The recod clearly indicates the grounds for recognition were not fully or partially lacking and have not ceased to exist.[1]

---

1     The cases relied upon by both parties support continued recognition. See In re Cozumel Caribe, S.A. de C.V., 508 B.R. 330, 335 (S.D.N.Y. Bankr. 2014) (declining to terminate

22. From a prudential perspective, it is worth noting that the Trustees submit that the Chapter 15 Case has resulted in the Trustees obtaining evidence that, amongst other things, has allowed them to obtain the Preliminary Injunction in Brazil. The continued proceedings on that Preliminary Injunction and the corresponding veil-piercing and substantive consolidation proceedings related to the parties to which the injunction applies, may lead to the pursuit of additional relevant evidence in the United States and may lead to enforcement actions in the United States.[2] Accordingly, it would be premature to terminate recognition while the Brazilian Proceedings are ongoing and where this Chapter 15 Case may continue to be useful and helpful to the continued progress there.

### There is No Need for An Evidentiary Hearing

23. Considering that the Fontana Estate has not satisfied the threshold requirements and has not made a prima facie case that the grounds for recognition are lacking, there is no need for

---

recognition where movant had "not shown that the Court's grounds for granting recognition have ceased to exist or that continued recognition would be manifestly contrary to U.S. public policy"); In re Loy, 448 B.R. at 436 (declining to terminate recognition where movant's representations and supporting evidence was inaccurate and omitted material facts).

2   The Fontana Estate claimed at the hearing that the Trustees' motion to pierce the corporate veil and apply the Brazilian law doctrine of substantive consolidation is manifestly contrary to U.S. public policies. While the Trustees have not asked the Court to take any action in support of those proceedings, it is worth noting that where the issue has been considered, it has been determined that "[a]lthough Brazilian law may impose different requirements for substantive consolidation, the different standards, standing alone do not signify that Brazilian Bankruptcy Law is manifestly contrary to our own public policy." In re OAS S.A., 533 B.R. 83, 105 (Bankr. S.D.N.Y. 2015) (citing In re Compania de Alimentos Fargo, S.A., 376 B.R. 427, 437 (Bankr.S.D.N.Y.2007) ("A foreign bankruptcy system need not ... mirror United States law for comity to be granted, so long as foreign law is substantially similar and not repugnant to United States law."); UNCITRAL GUIDE TO ENACTMENT OF THE UNCITRAL MODEL LAW ON CROSS–BORDER INSOLVENCY, 30 ("Differences in insolvency schemes do not themselves justify a finding that enforcing one State's laws would violate the public policy of another State.").

an evidentiary hearing.  Accordingly, it is

    ORDERED AND ADJUDGED that the Motion is DENIED as follows:

    1.    The Fontana Estate lacks standing to seek affirmative relief in this Chapter 15 Case.

    2.    Recognition was appropriate because the grounds for recognition set forth in 11 U.S.C. § 1517(a) were present at the time the Brazilian Proceedings were recognized.

    3.    Termination of this Chapter 15 Case is not appropriate because the grounds for recognition set forth in 11 U.S.C. § 1517(a) were not fully or partially lacking and have not ceased to exist.

    4.    The request for an evidentiary hearing is denied.

###

Submitted by:

SEQUOR LAW, P.A.
Attorneys for Foreign Representative
1001 Brickell Bay Drive, 9th Floor
Miami, Florida  33131
Phone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: nmiller@sequorlaw.com

Copies furnished to:

Nyana Abreu Miller

Nyana Abreu Miller is hereby directed to serve copies of this Order on all interested parties and to file a certificate of service.